HENRY NOLTING *et al.* Appellees, *vs.* EVA B. BATTERTON, *et al.* Appellants.

*Opinion filed December 17, 1907.*

1. SCHOOLS—*jurisdiction of trustees to consolidate districts depends upon a sufficient petition.* A petition by the voters in compliance with the statute is essential to confer jurisdiction on boards of trustees to consolidate school districts, and if the petition is insufficient the trustees have no jurisdiction; and in such case county superintendents are without jurisdiction to entertain an appeal, and their action in such matter is void.

2. SAME—*trustees have no power except to grant or refuse the prayer of the petition.* School trustees, in the matter of changing school districts, have no power except to grant or refuse the prayer of petitioners; nor can they, in their discretion, make any changes in such districts in case the prayer of the petition is refused.

3. SAME—*no change in school districts can be made except that petitioned for.* When the legal voters agree upon what they want done in the matter of changing school districts they may petition the trustees to do what has been agreed upon; but the petition can not authorize the trustees, if they do not grant the prayer of the petition, to take such other action as they deem best.

4. SAME—*when petition is not sufficient to confer jurisdiction on trustees.* A petition to consolidate nine school districts, or, in the alternative, to make indefinite changes in such districts as the trustees of schools might see fit to make, is essentially defective and does not confer jurisdiction upon the trustees to act.

APPEAL from the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding.

THOMAS P. REEP, for appellants.

F. E. BLANE, and SMOOT & LANING, for appellees.

Mr. Justice Dunn delivered the opinion of the court:

To a writ of *certiorari* issued out of the circuit court of Menard county commanding the superintendents of schools of the counties of Menard and Sangamon to certify to the court the record of their proceedings concerning the consolidation of school districts Nos. 72, 48 and 75, in said counties, the superintendents made a return of such record, which concluded with their order consolidating the three districts. Upon motion of the petitioners for the writ the court quashed the proceedings of the superintendents, and they have appealed.

The statute (3 Starr & Cur. Stat. sec. 47, p. 3662,) provides that in townships where there has been a division into districts the trustees may, in their discretion, at their regular meeting in April, when properly petitioned, change such districts as lie wholly within their townships so as to divide or consolidate them. Section 48 provides that no such change shall be made unless petitioned for by a majority of the legal voters of each of the districts affected by the proposed change. Section 50 provides for notice to the directors of each district whose boundaries will be changed if the petition is granted, and section 51 provides for changes by the concurrent action of the respective boards of trustees in districts which lie in separate townships but adjacent to each other and in districts formed of parts of two or more townships. Sections 52 and 53 provide that at the regular meeting in April the trustees shall consider the petition and grant or refuse the prayer of the petitioners without unreasonable delay. Sections 54, 55 and 56 provide for an appeal to the superintendent of schools, and where the territory affected by the proposed change is divided by a county line or lines, for a joint hearing by the county superintendents of all the counties in which any part of the territory is situated.

Districts Nos. 48 and 75 were in township 17, range 7, and district No. 72 was partly in township 17, range 7, and partly in township 17, range 6, and the territory was di-

vided by the county line between Sangamon and Menard counties. There was filed with the township treasurer of town 17, range 7, the following petition:

"To the trustees of schools of township No. 17, range No. 6, west of the third principal meridian, in the State of Illinois:

"We, the undersigned, being a majority of the legal voters in district No. 72, partly in township No. 17, range No. 7, and partly in township No. 17, range No. 6, both of which are west of the third principal meridian, in the State of Illinois, hereby petition the trustees of schools to consolidate into one district the territory of the following described districts: No. 48, (commonly known as Union,) in township No. 17, range No. 7, west of the third principal meridian; No. 47, (commonly known as Trenary,) in township No. 17, range No. 7, west of the third principal meridian; No. 75, (commonly known as Cherry Corner,) in township No. 17, range No. 7, west of the third principal meridian; No. 46, (commonly known as Munger,) in township No. 17, range No. 7, west of the third principal meridian; No. 73, (commonly known as Harrison,) in township No. 17, range No. 7, west of the third principal meridian; No. 74, (commonly known as Plunkett,) in township No. 17, range No. 7, west of the third principal meridian; No. 72, (commonly known as Liberty,) partly in township No. 17, range No. 7, and partly in township No. 17, range No. 6, both of the last being west of the third principal meridian; No. 44, (commonly known as Farmer's Point,) partly in township No. 17, range No. 7, and partly in township No. 17, range No. 6, both of the last being west of the third principal meridian; and No. 30, (commonly known as Walnut Ridge,) partly in township No. 17, range No. 7, and partly in township No. 18, range No. 7, both of the last being west of the third principal meridian. If for any reason you shall be unable or shall refuse to consolidate all of the said territory into one school district, we further petition and request you to

consolidate this school district in which your petitioners re-
side with any and all such other districts of the said nine
districts hereinbefore described as may, by a majority of the
legal voters thereof, petition in favor of such consolidation:
*Provided,* that the said district in which your petitioners re-
side shall be consolidated with such other districts, and such
districts only, as shall, with the said district in which your
petitioners reside, form contiguous territory."

A number of names appear signed to said petition, and
attached to and filed with it were four other petitions from
districts 48, 73, 74 and 75, which were duplicates of the
foregoing petition from district 72, except as to the number
of the district from which it came and the names of the sign-
ers. Duplicates of all these papers were also filed with the
township treasurer of town 17, range 6.

A petition in compliance with the statute is necessary to
confer jurisdiction on the boards of trustees to consolidate
school districts. (*Bourland* v. *Snyder,* 224 Ill. 478; *Ham-
ilton* v. *Frette,* 189 id. 190.) "Trustees of schools have no
powers except those conferred by the statute, nor can they
exercise the powers conferred upon them in any other mode
than that prescribed by the statute. They cannot be com-
pelled to act, and will not be permitted to act, until the law
is complied with." *Carrico* v. *People,* 123 Ill. 198.

School trustees have no authority whatever of their own
motion to make any changes in the boundaries of school dis-
tricts. The initiative always lies with the voters of the dis-
trict. The statute provides that no change shall be made
unless petitioned for, and then the power of the trustees is
limited to granting or refusing the prayer of the petitioners.
The petition cannot confer authority upon the trustees to
make such changes as in their discretion they may deem
best. It cannot authorize the trustees, if they do not grant
its prayer, to take some other action. No change can be
made unless that particular change is petitioned for. The
trustees can do only the specific thing they are petitioned to

do. If they cannot or will not do that they can do nothing but refuse the prayer of the petitioners. Until a majority of the voters agree upon what they want done they cannot call upon the trustees to act and the trustees cannot act. When they do agree, then they can petition for the thing they want done, and the trustees may grant it or refuse it, but can do nothing else.

This record shows that each of the petitions of the five districts whose voters filed petitions asked for the consolidation of nine districts. One board of trustees refused the prayer of the petitioners. The other refused the prayer of the petitioners but purported to grant the prayer of the petitioners from four of the districts to be consolidated. Upon appeal the superintendents reversed the decision of each board and made an order for the consolidation of three districts, Nos. 48, 72 and 75.

This petition is essentially defective. It leaves to chance, or to the interest of those circulating the petition, or to the discretion of the trustees, the thing to be petitioned for or granted. Each petition contemplates the consolidation of nine districts. What became of the petitions which must have been contemplated in the other four districts does not appear. For some reason they were not filed. In fact, the voters who signed these petitions had no fixed plan for changing the boundaries of the district beyond the consolidation of the nine districts. They had agreed on nothing more. The alternative prayer, if that could not be granted, for some other indefinite change was not authorized by the statute. The petition was therefore insufficient to confer jurisdiction on the trustees to act. Since the trustees were without jurisdiction the appeal of the petitioners could not give the superintendents of schools jurisdiction and their action was void. The circuit court properly quashed their proceedings, and its judgment will be affirmed.

*Judgment affirmed.*