(No. 12306.—Judgment affirmed.)

ARTHUR T. KENYON *et al.* Appellees, *vs.* B. C. MOORE, County Superintendent, Appellant.

*Opinion filed February 20, 1919—Rehearing denied April 2, 1919.*

SCHOOLS—*section 89 of the general School law, as amended in 1917, is unconstitutional.* Section 89 of the general School law, as amended in 1917, providing for the establishment of community high schools, violates article 3 of the constitution, in that it delegates legislative powers to the county superintendent of schools by leaving to his discretion the determination of the question as to what will constitute a satisfactory and efficient high school district, with authority to deny the prayer of the petition if in his opinion the proposed district will not be satisfactory and efficient. (*People* v. *Buskirk,* 279 Ill. 203, distinguished.)

APPEAL from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding.

GEORGE C. HUNT, and OGLEVEE & FRANKLIN, for appellant.

BARRY & MORRISSEY, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Appellees, Arthur T. Kenyon and twenty-nine others, on April 5, 1918, filed in the circuit court of McLean county a petition praying for a common law writ of *certiorari* directed to appellant, B. C. Moore, county superintendent of schools of said county, attacking the record of the organization of Community High School District No. 332. Appellant filed the record of the organization of said district in answer to the writ. Appellees filed their motion to quash the record and appellant filed his motion to quash the writ. The court granted the motion of appellees and quashed the record, and appellant has prosecuted this appeal.

The trial court held section 89 of the general School law as amended in 1917, under which said district was attempted to be organized, unconstitutional. Appellant by proper assignments of error questions that ruling. That section as so amended reads as follows: "Upon the receipt of a petition signed by fifty or more legal voters residing in any compact and contiguous territory described in said petition, whether in the same or different townships, the county superintendent of schools of the county in which the territory or the greater part thereof described in the petition is situated, shall order an election to be held for the purpose of voting 'for' or 'against' the proposition to establish a community high school, by posting notices for at least ten days in ten of the most public places throughout the territory described in the petition, which notices may be substantially in the following form: [Here follows the form of notice.] Said community high school district shall be formed, as far as practicable, about a community center, and have sufficient territory, assessed valuation and prospective high school pupils to form a satisfactory and efficient high school, and it shall be the duty of the county superintendent of schools before calling the election to consider the form, size, and assessed valuation

of the proposed high school district and the number of prospective high school pupils in the same, and if in his judgment the proposed district does not meet the requirements heretofore specified in this section he may refer the petition back to the petitioners with recommendations as to changes before he calls the election, or he may deny the prayer of the petition: *Provided, however,* that in forming these high school districts, existing school districts shall not be divided by high school district boundaries, except where in the judgment of the county superintendent of schools of the county in which the larger part of the proposed high school district lies, it is necessary in order to make a compact and satisfactory high school district. * * * The expense of all elections called by the county superintendent of schools under the provisions of this act shall be paid by the county." (Laws of 1917, p. 738.)

The copy of the record filed as a return to the writ contained the petition of the organization of the district, in which was described the territory to be embraced therein, signed by eighty-six petitioners. A plat of the territory was filed showing the territory to be contiguous, lying in three townships, the major part thereof in McLean county and the remainder in Logan county. An election was called by the county superintendent, and notices providing for three polling places were posted in sixteen public places in the territory ten days before the election. The county superintendent issued warrants to three sets of officers to hold and conduct the election. The election held on March 19, 1918, resulted in 543 votes for and 174 votes against the organization of the high school district. The county superintendent canvassed the returns of the election and filed with the county clerk a statement of his canvass of the votes, accompanied by a map and description of the territory.

Appellant's contention that the court erred in quashing the record cannot be sustained. Section 89 as amended

violates article 3 of the constitution because it delegates legislative powers to the county superintendent of schools. That section is silent as to the area, assessed valuation and number of prospective high school pupils, as well as the form and size of the proposed district requisite to the formation of a satisfactory and efficient high school district. Those questions are delegated to the several county superintendents, with direction to them, before calling an election, to consider the form, size and assessed valuation of the proposed district and the number of prospective high school pupils, "and if in his judgment the proposed district does not meet the requirements heretofore specified" he may refer the petition back to the petitioners with recommendations or may deny the prayer of it altogether. The requisites of a district are not theretofore specified that will make a satisfactory and efficient high school. This statute was not complete when it left the legislature. It attempted to confer on county superintendents a discretion as to what the law should be. That cannot be done. (*Sheldon* v. *Hoyne,* 261 Ill. 222.) The law as to what will constitute a satisfactory and efficient high school district is not found in the statute itself. It does not define or specify the requisite of a satisfactory and efficient community high school district, but leaves that matter to the discretion of the county superintendent without any rules of limitation for the exercise of such discretion. Until that official acts it cannot be known what the law is. Instead of being a uniform law, applicable alike to all similar areas of territory throughout the State, it is subject to the varying opinions of the county superintendents in the several counties of the State and of the same county superintendent or his successor in different parts of the same county. It is an arbitrary discretion and renders the section invalid because it delegates legislative powers to the county superintendent and of the opportunity it affords for unjust discrimination. *City of Galesburg* v. *Hawkinson,* 75 Ill. 152;

*People* v. *Vickroy,* 266 id. 384; *Board of Administration* v. *Miles,* 278 id. 174.

Appellant cites *People* v. *Buskirk,* 279 Ill. 203, in support of his contention that he is only authorized by section 89 to decide questions as a ministerial and not as a legislative officer. In that case the questions of facts to be determined by the county superintendent were specified in the statute which provided for the organization of the district. The statute provided also for an appeal to the county superintendent of schools. It was his duty, under the law, to determine whether the petition was signed by more than two-thirds of the legal voters residing within the territory of the proposed new district. We there held that the county superintendent was not exercising judicial power but that his action was administrative, every act which he was called upon to perform being directed by the statute, which prescribed the requisites required for the organization of a valid school district. That case is in no way controlling in this case, as all the facts requisite to the formation of a district, which are to be determined by the county superintendent, are not specified in section 89 of the statute now under consideration.

There are further objections made to the validity of section 89, one being that no valid election could be held under said section as no provision is made for the appointment of judges and clerks to conduct the election. As the section is clearly unconstitutional the record of the district in question was properly quashed by the circuit court upon that ground, and it will not be necessary to consider the further grounds argued by the attorneys in this case for and against the validity of the act.

The judgment of the circuit court in quashing the record is affirmed.                    *Judgment affirmed.*