(No. 33826.—

ERICH HEPNER *et al.*, Appellants, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF HENRY COUNTY *et al.*, Appellees.

*Opinion filed March 22, 1956.*

BRIAN & WILSON, and J. E. RICHARDS, both of Toulon, for appellants.

JAMES H. ANDREWS, HARPER ANDREWS, and CAMPBELL ANDREWS, all of Kewanee, for appellee School District No. 229.

Mr. JUSTICE DAVIS delivered the opinion of the court:

This is an appeal from an order of the circuit court of Henry County affirming the orders of the County Board of School Trustees. The proceeding was brought under the provisions of the Administrative Review Act in accordance with sections 4B—5 and 4B—25 of the School Code. (Ill. Rev. Stat. 1953, chap. 122, pars. 4B—5 and 4B—25.)

The orders of the County Board of School Trustees provided that the east one-half of the northeast one-quarter of section 5 be detached from the part of Non-High School District No. 194, of Henry County, which is Community Consolidated School District No. 231, and annexed to Community Unit School District No. 226 of Henry County, and that all of Community Consolidated School District No. 231, except this parcel of land, be detached from that part of the non-high school district which is Community Consolidated School District No. 231, and annexed to Community Unit School District No. 229 of Henry County.

The plaintiffs urge five grounds for reversal of the circuit court, the primary ground being the unconstitutionality of sections 11—18.1 and 4B—25 of the School Code. A debatable constitutional question was raised, and we therefore assume jursdiction. *Prohm* v. *Non-High School Dist.* No. 216, 7 Ill. 2d 421.

The non-high school territory in question has boundaries coterminous with plaintiffs' Community Consolidated Grade School District No. 231, and is bounded on the south and west by Kewanee Community Unit School District No. 229 of Henry County, on the north by Annawan Community Unit School District No. 226 of Henry County, and on the east by Neponset High School District No. 504 of Bureau County. The south boundary of Community Consolidated Grade School District No. 231, and of the part of the non-high school district in question, is separated from plaintiff Community Unit School District No. 230 of Henry County by a corridor consisting of sections 35 and 36 and part of section 26 of township 15 north, range 5 east of the 4th principal meridian of Henry County, which area is part of Community Unit School District No. 229.

Section 11—18.1 provides:

"If all the territory of the non-high school district of any county has not been annexed to some high school district maintaining grades nine to twelve, each inclusive, by June

30, 1953, it shall be automatically eliminated from the non-high school district on August 1, 1953, unless the county board of school trustees and the Superintendent of Public Instruction jointly find and certify on or before July 31, 1953, and on or before June 30 of each year thereafter that (1) the non-high school territory is adjacent to a district created by a special Act whose boundaries are required by such Act to be coterminous with some city or village or to a district maintaining grades one to twelve, each inclusive, and (2) has children in such territory who customarily attend the high school of such district, and (3) has no school district operating grades nine to twelve, each inclusive, to which such territory could be annexed without impairing the educational opportunities of the children of such territory and in such case the territory shall remain non-high school territory. However, any non-high school territory that the county board of school trustees and Superintendent of Public Instruction jointly find and certify on or before June 30, 1954, is adjacent to a district maintaining grades one to twelve, each inclusive, and has less than sixty high school pupils in average daily attendance during the school year 1953-1954, in public schools for whom tuition is paid, shall be automatically eliminated from the non-high school district on July 1, 1954, and any non-high school territory that the county board of school trustees and the Superintendent of Public Instruction jointly find and certify on or before June 30, 1954, is adjacent to a district maintaining grades one to twelve, each inclusive, and has sixty or more high school pupils in average daily attendance during the school year 1953-1954, in public schools for whom tuition is paid, shall automatically be eliminated from the non-high school district on July 1, 1956.

"When territory is eliminated from a non-high school district it shall be annexed by the county board of school trustees as provided in Section 4B—25 of this Act. As

amended by act approved July 13, 1953." Ill. Rev. Stat. 1953, chap. 122, par. 11—18.1.

Section 4B—25 of the School Code provides in part that when any territory is eliminated from a non-high school district by the provisions of section 11—18.1, the county board of school trustees of the county in which such territory lies shall within thirty days after such date hold one or more public hearings with respect to the attachment of such territory to one or more districts maintaining grades nine to twelve, inclusive; that the county board of school trustees shall give written notice of such hearing to each elementary school board in the territory affected and to each school board of any district adjoining said territory maintaining grades nine to twelve, inclusive, and cause the publication of such notice; that the notice shall describe the territory to be annexed and give the time and place of the hearing; that the county board of school trustees shall hold a hearing and annex the territory to the district "that they determine will best serve the interests of the pupils in the area and will best serve the educational welfare of the pupils in the area and to which the pupils of the underlying elementary school district normally attend high school, where possible;" and that order shall be entered annexing the territory not more than ten days after the hearing. Said section then provides: "If the former non-high school territory is annexed to a district maintaining grades one to twelve, each inclusive, the elementary district, or parts thereof, underlying the territory which is annexed shall automatically be detached from such elementary district and become a part of the district to which the territory is annexed."

On July 22, 1953, the Superintendent of Public Instruction and the County Board of School Trustees of Henry County, jointly certified that all of the non-high school territory within Community Consolidated School

District No. 231 is adjacent to Community Unit School District No. 229, a district maintaining grades one to twelve, inclusive, and has children in such territory who customarily attend the high school of such district, or of Community Unit School District No. 230, and has no school district operating grades nine to twelve, inclusive, to which such territory could be annexed without impairing the educational opportunities of the children of the territory.

Plaintiffs urge that section 11—18.1 of the School Code is so vague and uncertain that it violates due process and is therefore unconstitutional. They contend that the joint certificate, stating that the territory did not adjoin a school district to which it could be annexed, continued the non-high status of such territory beyond 1953, and that if the territory was eliminated in 1954 without a further certificate, such territory could only have been eliminated as of August 1, 1953. We cannot agree with the plaintiffs' contention in this respect. The statute plainly provides that if all of the territory of any non-high school district has not been annexed to some high school district maintaining grades nine to twelve, inclusive, by June 30, 1953, it shall be automatically eliminated from the non-high school district on August 1, 1953, unless the county board of school trustees and the Superintendent of Public Instruction jointly find and certify on or before July 31, 1953, and on or before June 30 of each year thereafter, that the non-high school district territory comes within the specifications enumerated in clauses (1), (2) and (3) of said statute, and in such case, the territory shall remain non-high school territory. In the case at bar, the joint certificate dated July 22, 1953, extended the existence of the non-high school territory in question to June 30, 1954. Inasmuch as no further joint certificate was filed by the County Board of School Trustees and the Superintendent of Public Instruction on or before June 30, 1954, and the non-high school territory in question had less than sixty high school pupils in average daily

attendance during the school year 1953-54, in public schools for whom tuition was paid, the non-high school territory in question was automatically eliminated from the non-high school district on July 1, 1954. Under section 11—18.1, it became the duty of the County Board of School Trustees to then annex such territory to one or more adjoining districts maintaining grades nine to twelve, inclusive. We find, contrary to plaintiffs' contention, that section 11—18.2 of the School Code, under the circumstances of this case, had no application.

Plaintiffs also contend that both sections 11—18.1 and 4B—25 of the School Code are unconstitutional in that said sections delegate legislative power in violation of article III of the Illinois constitution. We have frequently held that the legislature may give an administrative body discretionary powers to decide an issue if it establishes standards under which that discretion may be exercised. (*School District No. 79* v. *County Board of School Trustees*, 4 Ill. 2d 533; *People ex rel. Duffy* v. *Hurley*, 402 Ill. 562; *Vallat* v. *Radium Dial Co.* 360 Ill. 407.) The plaintiffs assert that section 4B—25 does not furnish sufficient guide by which the board may determine to which district such territory should be annexed. They support such assertion with a line of cases beginning with *Kenyon* v. *Moore*, 287 Ill. 233, and ending with *School District No. 79* v. *County Board of School Trustees*, 4 Ill. 2d 533.

In *School District No. 79* v. *County Board of School Trustees*, 4 Ill. 2d 533, it was contended that section 4B—4 was unconstitutional in that it did not constitute a sufficient guide by which the board could determine whether or not the petition for annexation should be allowed, and such contention was supported by the same line of cases beginning with *Kenyon* v. *Moore*, 287 Ill. 233. Section 4B—4 provided that the county board of school trustees should take into consideration the division of funds and assets which will result from the change of boundaries, and "shall

determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted, and in case non-high school territory is contained in the petition the normal high school attendance pattern of the children shall be taken into consideration." (Ill. Rev. Stat. 1955, chap. 122, par. 4B—4.) In that case we concluded that section 4B—4 did not constitute an invalid delegation of legislative power, and we further found that *Kenyon v. Moore, 287 Ill. 233,* and the cases predicated upon it were restricted to hold merely that the legislature cannot give to an administrative body unlimited discretion to act when that discretion is not guided by standards under which it may be intelligently exercised.

Section 4B—25 of the School Code provides, in part, that "the county board of school trustees shall hold a hearing and annex the territory to the district that they determine will best serve the interests of the pupils in the area and will best serve the educational welfare of the pupils in the area and to which the pupils of the underlying elementary school district normally attend high school, where possible." Said provision of the statute furnishes standards under which the discretion of the county board of school trustees may be intelligently exercised. The following quotation from *School District No. 79 v. County Board of School Trustees,* 4 Ill. 2d 533, at page 537, was made pertaining to section 4B—4 and applies to section 4B—25: "It is to be admitted that these standards are general rather than specific in nature. However, it would be both impossible and undesirable for the legislature to draft rigid nondiscretionary standards which would embrace each and every school district boundary change, for conditions surrounding the changes are seldom the same. It is our conclusion that the specifications as to what evidence may be submitted and the spelling out of what matters may be considered by the board are as definite as can be formulated." The majority

of the cases cited by plaintiffs to support their contention are fully considered in *School District No. 79* v. *County Board of School Trustees,* 4 Ill. 2d 533, and reference is made to that decision for further analyzation of such authorities.

Plaintiffs further contend that section 4B—25 of the School Code makes no provision for the annexation of eliminated non-high school territory to a district maintaining grades one to twelve, inclusive, by the county board of school trustees, but rather, only provides for such annexation to a district maintaining grades nine to twelve, inclusive. We cannot agree with this contention. Said statute expressly provides: "If the former non-high school territory is annexed to a district maintaining grades one to twelve, each inclusive, the elementary district, or parts thereof, underlying the territory which is annexed shall automatically be detached from such elementary district and become a part of the district to which the territory is annexed." If the plaintiffs' contention in this respect were to be given credence, the above quoted section of the statute would be absurd. Construction of statutes leading to absurd consequences are to be avoided. *People ex rel. Bodecker* v. *Com. Unit School District,* 409 Ill. 526; *People ex rel. Sergel v. Brundage,* 296 Ill. 197.

Plaintiffs assert as a ground for reversal of the judgment that the County Board of School Trustees in attempting to follow the statute became so confused in the premises that their actions and orders were meaningless. We find no merit in this assertion. Under the circumstances in this case, the area in question became eliminated non-high school territory on July 1, 1954. On June 30, 1954, a petition was filed with the County Board of School Trustees, requesting among other things, that the territory in question be annexed to Community Unit School District No. 230. This petition, as later supplemented, was signed by 116 residents of the territory in question. Under sections 4B—1 to

4B—5, inclusive, of the School Code, school districts lying entirely within any county may be changed by detachment and annexation, by the county board of school trustees of such county, when petitioned by two thirds of the legal voters residing in the territory proposed to be detached from one district and annexed to another. Section 4B—3 provides that no petition shall be granted under sections 4B—1 or 4B—2 unless the territory within any district so created or whose boundaries are affected by the granting of such petition shall, after the granting thereof, be compact and contiguous. Said petition was invalid, inasmuch as Community Consolidated School District No. 231 was separated from Community Unit School District No. 230 by the corridor above mentioned, which territory was part of Community Unit School District No. 229. On July 26, the date of hearing, pursuant to the notice of the County Board of School Trustees, under section 11—18.1 and 4B—25 of the School Code, a petition was filed by certain voters residing within this corridor to detach said territory from Community Unit School District No. 229 and annex the same to Community Unit School District No. 230. However, prior to said hearing, four signers of this petition withdrew their names therefrom . Immediately before the hearing began, an instrument was filed for the purpose of reinstating three of the names so withdrawn. Even then the petition was signed by less than two thirds of the legal voters residing in said territory and such fact was conceded at the subsequent hearing. Therefore, this petition likewise was without legal force and effect. Various motions for continuances were made by the attorneys for plaintiffs and, pursuant to agreement of the attorneys for plaintiffs and defendant Community Unit School District No. 229, briefs were submitted prior to the decision of the case. The minutes of the meeting of said Board reflect that the hearing was well attended; that all persons desiring to be heard in connection with the question were

heard; that prior to denying the motion for continuance, a poll of the Board was taken to determine if a quorum could be assembled for a further hearing on the following Friday night and that it was then determined that only three members of the board could attend such further hearing. The minutes likewise show that a recess of twenty minutes was granted during the hearing, upon request of plaintiffs' attorneys, and others, to permit further discussion among the parties present; that evidence was received from representatives of the two adjoining community unit school districts and from the adjoining high school district relative to the financial status of said districts, the adequacy of facilities and the ability and willingness of said school districts to receive the high school students from the area in question; that the *ex officio* secretary of the Board submitted maps showing the districts involved and reported on the probable effects of the proposed changes. A show of hands of people having children of school age or preschool age indicated the following preference relative to high school attendance: Community Unit School District No. 230, twenty-seven; Community Unit School District No. 229, eight; and Community Unit School District No. 226, one. In only four of the school years beginning with 1935-36 and ending with 1953-54, had the high school attendance from the area in question in Community Unit School District No. 230 exceeded that at Community Unit School District No. 229. The minutes disclose an adequate and orderly hearing in which the County Board of School Trustees acted within its discretion in denying the continuances requested.

Plaintiffs have also argued that the County Board of School Trustees ignored the petition of residents of the territory in question and their choice as to which district annexation should be made, and failed to give precedence to such petition over the action initiated by the County Board of School Trustees under sections 11—18.1 and 4B—25 of the

School Code. These contentions are likewise unfounded. Carl Williams appeared at the hearing and requested that his farm be annexed to Annawan Community Unit School District No. 226. This was done. No one attending the hearing expressed a preference for annexation to Neponset High School District No. 504 of Bureau County, and no territory was annexed to that district. The only remaining district to which such territory could be legally annexed was Kewanee Community Unit School District No. 229. Under the provisions of the School Code, neither of these petitions was warrant or authority upon which the County Board of School Trustees could legally order that the territory described therein be annexed to Community Unit School District No. 230, and consequently, there was no valid petition on file before the County Board of School Trustees which could have been given precedence over the action required by that board under sections 11—18.1 and 4B—25 or the School Code. Cf. *Pritchett* v. *County Board of School Trustees,* 5 Ill. 2d 356.

The judgment of the circuit court of Henry County sustaining the orders of the County Board of School Trustees is affirmed.

*Judgment affirmed.*