School District No. 119, St. Clair County, Illinois et al., Plaintiffs-Appellants, v. William D. Stiehl et al., Defendants-Appellee.

Term No. 59–M–4.

Fourth District.

August 28, 1959.

Rehearing denied September 29, 1959.

Released for publication September 29, 1959.

 

Lindauer, Lindauer, Pessin & Nieman, of Belleville, for plaintiffs-appellants.

William D. Stiehl, of Belleville, and John J. Hoban, State's Attorney of St. Clair County, for defendants-appellees.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an appeal from a circuit court order affirming an administrative order of the County Board of School Trustees detaching land from one school district and annexing it to another. It involves one residence property and one child aged about five years at the time of the original proceeding. The petition was allowed by the Board and plaintiffs then filed this administrative review.

At the hearing before the Board the parents of the child testified that they desired a change because there was no kindergarten in their district but there was in District 118 adjacent to the plaintiff district, and that it also had a larger program of art, music, science, industrial arts, and a junior high school departmental system. Other reasons advanced were that, in the annexing district, the school was six-tenths of a mile distant and the route crossed only one traffic artery, whereas the school in the detaching district was a mile distant and there were two traffic arteries to cross.

In the detaching district the assessed value is $7,-465,990 and the 1956 tax rate was .993. In the other district, the assessed value was $99,467,152 and the tax rate for the same year was $1.05. The residence had a value of about $16,000.

The school principal of the detaching district testified it has safety devices at the principal traffic artery, and among its courses it provides a readiness program for the new children, has a music teacher, an art teacher, physical education program, has a band, a teacher for the band instruments, has a teacher for each grade, that its school is new, it has ample room for its pupils, there is suitable bus transportation available, that the school board is moving forward in educational planning, and that any decrease in assessed valuation would be detrimental to the students of that district.

The Secretary of the same district testified to the fact of making future plans for equipment and curriculum, and that planning would be interfered with by detaching territory and assessed valuation, and that the Board could not properly make plans if the district was subject to a slow erosion of territory and assessed value. It was also asserted that the Board members had checked with the high school faculty and found that children from this district did at least as well as, if not better than, children from the annexing district.

The rules of law pertaining to detachment and annexation are based upon Section 4B—4 of the School Code, Chapter 122, Ill. Rev. Stats. § 4B—4, and this section has been construed in a number of cases. In Trico Community Unit School Dist. No. 176, Perry, Randolph and Jackson Counties, Ill. v. County Board of School Trustees of Randolph County, Ill., and Steeleville Community Unit School Dist. 138, Randolph County, Ill., 8 Ill.App.2d 494, the court held: "although the residents of territories within the district may initiate a

petition for detachment because of personal desires or convenience, much more is needed to support the board's decision to change established boundaries. The welfare of the affected districts and their pupils as a whole must control rather than the wishes of a few, and such petitions granted only where the benefit derived by the annexing and affected areas clearly outweighs the detriment resulting to the losing district and the surrounding community as a whole."

In Oakdale Community Consol. School Dist. No. 1 v. County Board of School Trustees of Randolph County, Ill., 12 Ill.2d 190, the ruling of the Board permitting the transfer of territory was sustained in the circuit and appellate courts, but was reversed by the Supreme Court which held that the county boards have the power within the limits of a reasonable discretion to decide questions of detachment, but this power is not an arbitrary one. "Orders effecting a change of boundary must be made in conformity with the standards prescribed by the Legislature and designed with an eye to the educational welfare of the children residing in all the territory to be affected."

In Board of Education of Community School District No. 323 v. County Board of School Trustees, 19 Ill.App.2d 196, it is said: "Unfortunately, in our modern system of education with its complex revenue, transportation and other problems, it is not possible to permit every child or every parent to select the school district of which he may be a part. If there is to be some measure of stability in the boundaries of school districts, they cannot be changed for reasons of mere personal preference of the residents of the territory without regard to other material considerations." In this case, with reference to the position of the courts, it is stated the courts have a positive duty to ascertain if the findings and the decision of the administrative agency are supported by the evidence.

Applying these principles to the facts in this case, we are unable to perceive any showing that the proposed change provides for a benefit to the educational welfare of the pupils and districts involved. Obviously, there can be no stability in school districts if parents can transfer their individual residences across to another district because they think some of the courses therein are better than in the existing district.

With only one house and lot affected the amount involved is small, but, if that justifies a transfer, then there would be nothing to prevent a persistent erosion from a smaller district and enlargement of adjacent districts, thus preventing any possibility of planning improvements and expansions which necessarily require some stability within the district.

It is the opinion of this court that the showing made in this case falls short of justification for the detachment and annexation and that the decision of the County Board of School Trustees was contrary to the manifest weight of the evidence. Therefore, the order of the Board is reversed.

Reversed.

CULBERTSON and HOFFMAN, JJ., concur.