L. Goebel Patton, et al., Plaintiffs-Appellants, v. H. L. Browning, Secretary of the County Board of School Trustees, Franklin County, Illinois, et al., Defendants-Appellees.

Gen. No. 60–M–1.

Fourth District.

October 31, 1960.

Frank E. Troubaugh and Stephen E. Brondos, of West Frankfort, for appellants.

Joseph W. Hickman, State's Attorney of Franklin county, and Elmer Jenkins, of Benton, for appellees.

SCHEINEMAN, J.

The West Frankfort Community Unit District No. 168 was organized pursuant to an election held in December of 1958, effective July 1, 1959. It consisted of parts of former grade school and high school districts in Franklin and Williamson Counties, including part of a Hill City grade school district, and Frankfort high school district.

Within two weeks after the election, a petition was filed to disconnect from the unit district a tract of nearly 1500 acres, assessed value about $100,000, and to annex it to its former Hill City grade school district,

and to Benton High School District No. 103. The area was not densely populated, and only six children were involved. The County Board of School Trustees allowed the petition, an administrative review in the circuit court resulted in affirmance of that action, and the unit district and others have perfected this appeal, asserting that the decision is against the manifest weight of the evidence.

The Hill City grade school is described as having a three room school house for its eight grades, with one teacher per room, none of whom has a college degree. The new unit district, according to the uncontradicted testimony of its superintendent, has several buildings with a staff of about 100 teachers, of whom more than half have master degrees, and most of the others have bachelor degrees, the few that do not are working toward that qualification. He stated the buildings are adequate with a separate room and teacher for each grade in all grade schools and the unit district can take care of the physical and educational needs of the pupils involved. The loss of six pupils would not be serious, nor is the financial effect substantial. He stated that there had been other petitions for detachment filed, and he and his boards were opposing the erosion of the district, as it made it difficult for practical and effective planning.

Appellees' brief contains a number of criticisms of the new unit district. It is asserted that the financial statements are incomplete and contain estimates. Since the new district had not previously operated as such, and would only become a legal entity some time after the hearing, it would be impossible to give an exact financial picture of operations.

Other criticisms are contained in the argument against the unit district without references to abstract or record. We have carefully examined the testimony and found that these arguments of counsel are without

81

evidentiary basis. Most of the witnesses for petitioners disclaimed any knowledge of the schools or educational facilities in the unit district, or of the available courses. Others conceded the districts were about equal in these respects, with the usual emphasis placed on the supposed advantage of a small school over a larger one.

Nearly all of these witnesses made it quite clear that their real reason for a change in boundaries was that they regarded Hill City as their community, and they desired to keep this community together in one school. They talked some of bus routes without any knowledge of where they would be established. Absent is any real interest in the "best interests of the schools of the area and the educational welfare of the pupils," as required by the statute. Ch. 122 Ill. Rev. St. Sec. 4B–4.

This community loyalty is a sentiment which has affected the operation of all types of subdivisions of the state. It keeps in effect the division of the state into small counties suited to the horse and buggy age, with resultant duplication, waste and inefficiency. It persists in maintaining contiguous municipalities as separate entities, with similar wasteful duplication. And it existed in probably its strongest form in the "old school ties." The legislature struggled with the inequalities and inefficiency of the state school system for years. We have now provisions for unit districts and other improvements, designed to make the school system more effective, and the privileges more nearly equal in various parts of the state.

Changes in boundaries may be needed in some cases, as where a populous district spreads out into a rural district unable to cope with the influx of children, while the adjoining urban district has ample facilities and taxing power. To meet problems of that nature, the legislature established County Boards of School Trustees, with the County Superintendent as secretary. The statute above cited specifies what the board shall consider in deciding boundary questions.

82

These requirements of the law are of the utmost importance. The constitutionality of this provision regarding these boards was attacked, as being an unlawful delegation of legislative power. The Supreme Court sustained the statute as valid on the express ground that the legislature specified the standards under which the discretion of the trustees could be properly exercised. School Dist. No. 79 v. County Bd. of School Trustees of Lake County, 4 Ill.2d 533, 123 NE2d 475.

██ ██ Appellees argue that the trustees are residents of the area and have personal knowledge of conditions, and they should be allowed discretion in their decisions. They do have a reasonable discretion in their action, provided they comply with the statute and concern themselves with the school needs and conditions of the territory, and make their determination based on evidence as to the best interests of the schools and the welfare of the pupils. On these subjects the statute is mandatory that the board "shall hear evidence." The evidence is subject to review in the courts as to its sufficiency in law, and the courts consistently require that the standards prescribed by law be observed. Some of the cases are here quoted:

> "Orders effecting a change of boundary must be made in conformity with the standards prescribed by the legislature and designed with an eye to the educational welfare of the children residing in all the territory to be affected." Oakdale Community Consol. School Dist. No. 1 v. County Bd. of School Trustees of Randolph County, 12 Ill.2d 190, 145 NE2d 736.

> "If there is to be some measure of stability in the boundaries of school districts, they cannot be changed for reasons of mere personal preference of the residents of the territory without regard to other material considerations." Board of Educa-

83

tion of Community School Dist. No. 323 v. County Board of School Trustees, 19 Ill.App.2d 196, 153 NE2d 378. (Second District.)

"School districts are not to be changed, therefore, solely by the shopping, banking or school preferences of those residing in particular segments thereof." Trico Community Unit School Dist. No. 176 v. County Board of School Trustees of Randolph County, 8 Ill.App.2d 494, 131 NE2d 829. (Fourth District.)

Another opinion (in abstract form) holds that detachment from a district was not justified where the question of the ability of the district to meet requirements essential to the educational welfare of the children was not raised on the hearing, and the only reason for the proposed change disclosed by the evidence was petitioners' desire to have their children attend a particular school. Armstrong Tp. High School Dist. No. 225 v. County Board of School Trustees, Vermilion County, 23 Ill.App.2d 127, 161 NE2d 607. (Third District.)

See also Welch v. County Board of School Trustees of Peoria County, 22 Ill.App.2d 231, 160 NE2d 505, from the Second District; and School Dist. No. 119, St. Clair County v. Stiehl, 22 Ill.App.2d 363, 161 NE2d 28.

In the present case the only evidence on the question of the ability of the unit district to meet the requirements of the educational welfare of the children involved, was favorable to the respondents. The only evidence as to the best interests of the schools of the area is adverse to the petitioners. The educational welfare of the whole district was not considered. The ability of the districts to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, was not mentioned. In the motion by a

84

trustee to grant the petition, the only reason stated was "In view of the fact that this is a community," etc.

As to those matters which the statute requires the board to consider in making its determination, the manifest weight of the evidence is contrary to the board's decision. Accordingly, the order of the circuit court and the order of the County Board of School Trustees for detachment of territory from the plaintiff unit district, are reversed.

Order reversed.

CULBERTSON, P. J. and HOFFMAN, J., concur.