THE BOARD OF EDUCATION OF WEST WASHINGTON COUNTY COMMUNITY UNIT SCHOOL DISTRICT, Plaintiff-Appellee, *v.* THE COUNTY BOARD OF SCHOOL TRUSTEES OF WASHINGTON COUNTY *et al.*, Defendants.—(THE BOARD OF EDUCATION OF OAKDALE CONSOLIDATED COMMUNITY SCHOOL DISTRICT *et al.*, Defendants-Appellants.)

(No. 75-297;

Fifth District—January 12, 1976.

Sam S. Pessin, of Belleville, for appellants.

Harold H. Pennock, Jr., of Hodson & Pennock, Ltd., of Centralia, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This action was brought in the circuit court of Washington County for administrative review of a decision by the County Board of School Trustees of Washington County (hereinafter called the Trustees). The Trustees granted a petition to detach certain territory from West Washington County Unit School District No. 10 (hereinafter called District 10), and to annex the territory to the Oakdale Consolidated Community School District No. 1 (Washington & Perry Counties) for elementary school purposes, and to Nashville Community High School District No. 99 (Washington and Jefferson Counties) for high school purposes. The trial court reversed the decision of the Trustees and denied the petition. This appeal has been taken from the decree filed March 20, 1975.

District 10 was organized in 1973. Litigation concerning organizational procedures was resolved in 1974, and corporate operation of the District for all school purposes was commenced by the Board of Education on July 1, 1974.

District 10 incorporated, in part, territory that had formerly comprised Okawville High School District No. 88 and several elementary school districts. A petition to detach certain territory included within District 10 was filed within twenty days after the District 10 organization election, and a hearing was held on the detachment petition on May 13, 1974. The evidence presented at the detachment hearing showed that if the detachment was permitted, a tract of land presently in District 10, 160 acres in size, would be separated from District 10, but not incorporated in the area to be detached. The 160 acres would have been noncontiguous with, and detached from, District 10.

The proposed plan would have been in violation of section 7—4 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par.7—4), *Requirements for granting petitions*, which provides:

"No petition shall be granted under Sections 7—1 or 7—2 of this Act:

\* \* \*

(c) Unless the territory within any district so created or any

district whose boundaries are affected by the granting of a petition shall after the granting thereof be compact and contiguous except as provided in Section 7—6 of this Act. The fact that a district is divided by [portions of East River Road or Higgins Road] lying within the corporate limits of the city of Chicago shall not render it non-compact or non-contiguous."

The petition was denied for that reason. On June 28, 1974, within one month after the denial, petitioners filed a new petition incorporating the 160 acres into the proposed detached area.

Section 7—8 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—8) provides the following limitation on successive petitions:

> *Limitation on Successive Petitions*
>
> No territory, nor any part thereof, which is *involved* in *any* proceeding to change the boundaries of a school district by detachment from or annexation to such school district of such territory, and which is not so detached nor annexed, shall be again involved in proceedings to change the boundaries of such school district for at least one year after final determination of such first proceedings." (Emphasis added.)

As noted, the trial court reversed the determination by the Trustees permitting detachment under the second petition on the basis of section 7—8.

■■ There are several issues presented by the appellants, but it is only necessary for our determination to discuss the first issue, specifically, whether section 7—4(c) of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—4(c)) is jurisdictional in nature.

No argument is advanced that the Trustees lacked jurisdiction over the *type* of case, *i.e.*, subject matter, presented by the first petition.

The argument of appellant is that section 7—4(c) is jurisdictional. Appellant contends that failure to include the 160-acre detached segment and thereby failure to meet the requirements of that section as to compactness and contiguity caused the first petition to be void for lack of jurisdiction. If the first petition was void for lack of jurisdiction, appellant contends the entire proceedings of May 1974 were null and void and the later petition including the 160-acre tract is not precluded by the limitation on successive petitions set forth in section 7—8 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—8).

Appellant relies upon the language of *Hepner v. County Board of School Trustees* (1956), 8 Ill.2d 235, 133 N.E.2d 39. That case is primarily focused on the issue of the constitutionality of a legislative statutory mandate to annex non-high school territory to one or more adjoining districts.

A petition was filed by residents of the subject non-high school territory seeking annexation of the territory to a district which it did not adjoin.

The court, in discussing denial of that petition, first quoted the prior enactment of section 7—4(c) of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—4(c)) and then stated at p. 244:

> "Said petition was invalid, inasmuch as Community Consolidated School District No. 231 was separated from Community Unit School District No. 230 by the corridor above mentioned, which territory was part of Community Unit School District No. 229."
> 8 Ill.2d 235, 244.

Appellant herein relies on the word "invalid" and assigns to it the meaning of "void." Appellant contends that the only way it could be void would be where jurisdictional requirements are not met, therefore section 7—4(c) of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—4(c)) must be jurisdictional in nature.

We do not concur with the appellant's analysis of the statutory provisions involved.

First, "invalid" does not necessarily mean void. Whether the court did intend that meaning when it used that language in *Hepner v. County Board of School Trustees* is unclear from the rest of the case.

The court, in *Hepner v. County Board of School Trustees,* discussed a second petition filed to attach the land to another consolidated district that was contiguous. The petition lacked the requisite two-thirds number of signatures, which is conceded in this case by appellees to be jurisdictional. The court said at page 244:

> "Even then the petition was signed by less than two thirds of the legal voters residing in said territory and such fact was conceded at the subsequent hearing. Therefore, this petition *likewise* was without legal force and effect." (Emphasis added.)

Appellant would have us read these two sections of the opinion together, and particularly read the "likewise" language of the second section discussing a jurisdictional defect as part and parcel of the first section discussing a defect which may or may not be jurisdictional. Clearly, the court found both petitions "likewise without legal force and effect," but it is not clear the "invalid" first petition was found to be without legal force and effect as being void for jurisdictional reasons.

Looking at the remainder of the section under question, and the way it has been analyzed in the past, it is clear that section 7—4(c) of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—4(c)) is not jurisdictional in nature, but is rather a basic standard provided by the legislature in its delegation of powers to the Trustees.

Section 7—4 provides certain factual threshold elements which must be met as a condition precedent to further discretionary analysis of any proposed annexation or detachment under section 7—6. If subsection (c) requiring contiguity and compactness is jurisdictional, then so must the other subsections be jurisdictional. Some of the additional requirements of the section are that a certain population figure and assessment figure be reached and maintained, and that no non-high school territory result from granting the petition. Further, if a district of less than 2000 persons is to be organized, the superintendents of districts surrounding the new area must state that the new district won't interfere with ultimate reorganization into larger districts. Finally, the district created cannot have less population or assessed valuation than required for the creation of a district of like type.

These additional requirements and indeed subsection (c) itself are factual questions to be resolved at a hearing on the basis of evidence provided at that time. If any and all of these requirements are jurisdictional in nature, any proceeding where they are not clearly established before instituting proceedings is null and void and no bar to another petition.

It would be impossible to know before conclusion of the evidentiary portion of the proceeding whether or not jurisdiction had been obtained. Jurisdiction would then be determined upon the basis of the results reached in an evidentiary hearing. The net result would then be that there is jurisdiction if the Board finds that these factual tests are met, but if the Board finds they were not met, then there was never jurisdiction in the first place. This result is untenable.

An intention that fact finding and evidentiary proceedings be conducted is clear from *School Directors v. County Board* (1957), 15 Ill.App. 2d 115, 145 N.E.2d 285. The court said at pages 119 and 120:

"The decisions of the trustees that the districts affected after detachment were compact and contiguous as required by Sec. 4B—3(c) of the School Code (S.H.A. Ch. 122, Sec. 4B—3(c)) are likewise supported by the evidence. Neither petition creates a 'corridor' so as to form a district in the shape of a dumbbell. A mere irregularity of boundary lines results such as exists in hundreds of districts. The objectors concede that the districts need not be rectangular nor the boundaries straight lines * * *. The requirements of compactness and contiguity are fully met, [citations].

If the requirements contained in subsection 7—4(c) were construed to be jurisdictional in nature, a petitioner who was determined to gerry-

mander district lines could present plan after plan without any time constraints.

This result would clearly frustrate the purpose of section 7—8. The Appellate Court, Third District, in *Hall Township High School District No. 502 v. County Board of School Trustees* (1967), 80 Ill.App.2d 475, 477, 225 N.E.2d 28, said of that section's policy:

> "The purpose of the provisions of Ill. Rev. Stat., c. 122, § 7—8, is to prevent the harassment of County Boards, School Boards of affected districts, and interested persons, by successive petitions to detach or annex the same territories. Consequently, the legislature limited the right of such petitions by providing in § 7—8 that any territory, or part thereof, which was involved in a previous petition that was denied, cannot again, within one year after final determination of the first proceeding, be the subject matter of a proceeding to change the school district boundaries. We are of the opinion that the final determination contemplated by § 7—8, from which the one-year limitation commences, is one entered in a valid proceeding where jurisdiction to adjudicate was present, and where the denial of the petition for change of boundaries was based upon its substantive merits."

The court said in conclusion in *School Directors v. County Board*, at pages 124 and 125:

> "Statutes must be reasonably construed so as to be applied in a reasonable and common sense manner, People ex rel. Singer v. Illinois Cent. R. Co., 373 Ill. 523, 527. Absurb results must be avoided, Winner v. Kadow, 373 Ill. 192, 195, Moweaqua Coal Corp. v. Industrial Comm., 360 Ill. 194, 200."

■■ Section 7—4(c) is not jurisdictional, but rather a *standard* provided by the legislature as part of its legislative delegation to the County Board of School Trustees to be used in connection with section 7—6, in reaching decisions in detachment proceedings. Section 7—4 requirements are absolute minimums, but they are not jurisdictional. As stated by the court in *Standard Accident Insurance Co. v. Industrial Com.*, 39 Ill.2d 172, 175-76, 233 N.E.2d 543, 545:

> "Jurisdiction is the power to hear and determine the subject matter in controversy. It refers not to the particular case but to the class of cases to which it belongs, and its presence does not depend upon the correctness of the decision. Clearly circuit courts have jurisdiction over this class of cases."

Similarly, the Trustees in the instant case clearly had jurisdiction over the type of case presented by appellant's first petition.

For all of the above reasons we conclude that the trial court properly found the second petition was precluded by section 7—8 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 7—8).

Judgment affirmed.

CARTER and JONES, JJ., concur.