5 Ill.2d 356 (1955)
125 N.E.2d 476
HORACE PRITCHETT et al., Appellants,
v.
THE COUNTY BOARD OF SCHOOL TRUSTEES OF WHITE COUNTY et al., Appellees.
No. 33384.
Supreme Court of Illinois.
Opinion filed March 24, 1955.
BARTLEY, KARBER & HALE, of Shawneetown, for appellants.
PYLE & McCALLISTER, of Carmi, for appellees.
Judgment affirmed.
*357 Mr. JUSTICE DAILY delivered the opinion of the court:
This is an appeal from a judgment entered in the circuit court of White County affirming an order of the county board of school trustees of White County. The constitutionality of certain statutes being involved, a direct appeal has been taken to this court. The legislative enactments in question are two sections of the School Code, both numbered 4B-4 and both enacted during the 1953 session of the General Assembly. Ill. Rev. Stat. 1953, chap. 122, par. 4B-4, approved July 13, 1953, and Ill. Rev. Stat. 1953, chap. 122, par. 4B-4, approved May 8, 1953.
On August 8, 1953, the school directors of District No. 10 of Gallatin County and the board of education of Community Unit School District No. 3 of White and Hamilton Counties, filed in the office of the county superintendent of schools of White County separate petitions asking that Common School District No. 10 of Gallatin County, a non-high school district, be annexed to Community Unit School District No. 3 of White and Hamilton Counties.
The secretary of the county board of school trustees of White County, after receiving said petitions, gave notice that a hearing would be had on them in the court house in the city of Carmi, White County, on the 17th day of August, 1953, at 7:00 P.M. The secretary caused the notice to be published once in The Ridgway News, a secular newspaper of general circulation, published in the village of Ridgway, Gallatin County, in its issue of August 13, 1953, and also once in the Norris City News, a secular newspaper of general circulation, published in the village of Norris City, White County, in its issue of August 13, 1953. Following the hearing, a majority of the board favoring annexation, an order was entered on August 17, 1953, annexing Common School District No. 10 of Gallatin County to Community Unit School District No. 3 of White and Hamilton Counties.
*358 Thereafter, on September 2, 1953, appellants, the plaintiffs below, filed their complaint in the circuit court of White County asking for a review of the board's decision under the Administrative Review Act in accordance with section 4B-5. (Ill. Rev. Stat. 1953, chap. 122, par. 4B-5.) The nine plaintiffs, not all of whom appeared at the hearing before the board, alleged in their complaint that they are residents of Gallatin County. No questions were raised concerning the merits of the board's decision, the issues raised involving only the constitutionality of the statute under which the proceedings in question were instituted and also a question of whether a prior proceeding commenced by the county board of school trustees of Gallatin County held precedence over the proceedings which are the subject matter of this litigation.
The defendants, appellees in this court, being composed of the county board of school trustees of White County, the two petitioners and the board of education of the non-high school district of Gallatin County, filed their answer in which they alleged all proceedings were held in conformity with the law. Accompanying their answer, and as a part thereof, the defendants filed copies of the petitions in question, the notice, certificates of publication, minutes of the meeting held on August 17, 1953, the order of annexation and transcript of the evidence. For the record, a stipulation was entered into between the parties to the effect that the school trustees of Gallatin County had instituted proceedings under sections II-18.1 and 4B-25 of the School Code (Ill. Rev. Stat. 1953, chap. 122, pars. II-18.1 and 4B-25,) for the purpose of annexing the territory in question to some high school district before proceedings were instituted before the White County board to annex the same territory to Community Unit School District No. 3. On June 11, 1954, the circuit court entered an order sustaining the decision of the White County board, from which order this appeal has been taken.
*359 The issues now raised by appellants are precisely the same as those which confronted the lower court, namely: first, that the provision for notice to be given of the time and place of hearing before the county board of school trustees as provided in section 4B-4 of the School Code as amended by act approved July 13, 1953, is unconstitutional as being in violation of section 2 of article II of the constitution of Illinois; second, that both sections 4B-4, as approved July 13, 1953, and as approved May 8, 1953, are unconstitutional as being in violation of article III of the constitution of Illinois; and, third, that the proceedings instituted in White County should have been held in abeyance until final decision had been reached in the prior proceedings commenced in Gallatin County under section 11-18.1 of the School Code involving the same territory. These issues shall be discussed in the above order.
The legislature, at its 1953 session, passed, and the Governor approved, two sections 4 of article 4B of the School Code, the first being approved on May 8, 1953, and the second on July 13, 1953. The section approved May 8, 1953, (Laws of 1953, p. 98,) provided, among other things, that notice of petitions filed under article 4B shall be published at least once each week for three successive weeks in at least one newspaper having a general circulation within the area of the territory involved, and that hearing upon the petition shall be not more than ten days after the last publication of notice. The section approved July 13, 1953, (Laws of 1953, p. 1387,) provided among other things that notice of a petition filed under article 4B shall be published once in a newspaper of general circulation and that the hearing on the petition shall be held not more than ten days after the publication of notice. Notice of the two petitions filed in the instant case with the school trustees of White County was given pursuant to the terms of the later statute and was published one time only calling for a hearing four days after the date of publication. *360 At no place in their briefs do appellants contend that the notice given was insufficient as to them. They do argue, however, that the time of notice as provided by section 4B-4 as approved July 13, 1953, violates the due process clause of the constitution, which is section 2 of article II thereof, and particularly so since it provides no minimum time of notice. Appellants concede that the legislature has the right to form school districts and fix the boundaries thereof without being required to give any notice whatsoever, but they maintain that since the legislature saw fit to require public hearings and the giving of notice, that it should have provided for sufficient notice so as not to violate the due process clause of the constitution of 1870.
This contention is based upon the mistaken impression that the inhabitants of a school district have a vested property interest in the property of the district or in the boundaries thereof. The legislature has the right to change or alter the area of school districts because of its inherent power therein derived from section I of article VIII of the constitution to "provide a thorough and efficient system of free schools." The legislature, however, in keeping with its policy of catering to local self-government in school matters, has in this instance provided for notice and public hearing. The county board of school trustees, being the designated body to hear the expressions of local opinion, is an administrative agency for that purpose. As such it can but carry out the mandate of the legislature. The State, being able to proceed in like matters without notice, has seen fit to direct its said agent to give a maximum notice of ten days following publication. The insufficiency of notice, or lack of it, is purely a matter of legislative determination; however, it may be a subject for judicial review as regards to whether the county board has sufficiently apprised itself of the situation at hand before carrying out its legislative directive.
*361 A frequently cited proposition is that the State may, with or without the consent of the inhabitants of a school district, or against their protest, and with or without notice or hearing, take the school facilities in the district without compensation and vest them in other districts or agencies. The State may hold or manage the facilities directly or indirectly. The area of the district may be contracted or expanded, it may be divided, united in whole or in part with another district, and the district may be abolished. All this at the will of the legislature. The "property of the school district" is a phrase which is misleading. The district owns no property, all school facilities, such as grounds, buildings, equipment, etc., being in fact and law the property of the State and subject to the legislative will. (People ex rel. Taylor v. Camargo Community Consolidated School Dist. 313 Ill. 321, and cases cited therein; People v. Deatherage, 401 Ill. 25; People ex rel. Dixon v. Community Unit School Dist. 2 Ill.2d 454.) The first point of error urged by appellants is without merit.
Since no strenuous argument is made as to which of the two sections of the statute passed at the same session of the legislature shall prevail, we will merely note in passing that the enactment of July 13, 1953, being later in point of time, is the one which must be given effect. People ex rel. Hines v. Baltimore and Ohio Southwestern Railroad Co. 366 Ill. 318; S. Buchsbaum & Co. v. Gordon, 389 Ill. 493; Du Bois v. Gibbons, 2 Ill.2d 392.
Appellants next contend that both sections 4B-4 are unconstitutional as being a delegation of legislative power in violation of article III of the constitution. In view of the attitude we have taken, only the one approved July 13, 1953, will be considered although both sections are nearly identical except as to notice. The later section provides in part: "The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the *362 ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted, and in case non-high school territory is contained in the petition the normal high school attendance pattern of the children shall be taken into consideration." Ill. Rev. Stat. 1953, chap. 122, par. 4B-4.
The quoted provision of the statute is identical to that which was before us in the recent case of School District No. 79 v. County Board of School Trustees, 4 Ill.2d 533, where we considered a similar constitutional objection to section 4B-4 of the School Code as it existed in 1951. We concluded in that case that the discretionary powers conferred did not constitute an unlawful delegation of legislative power and, in so holding, distinguished the statute from prior school legislation which this court had found to be subject to the constitutional prohibition. In bringing the same objection to identical statutory language before us again, appellants, in the main, rely upon the same or similar authorities which were limited or distinguished in that opinion. We see no useful purpose in further analyzing such authorities or in reaching a different conclusion. We hold, therefore, for the reasons stated in the recent decision cited, that section 4B-4, as it was re-enacted by the legislature in 1953, is not invalid as delegation of legislative power.
Prior to the date of filing the two petitions with the county board of school trustees of White County to annex Common School District No. 10 to Community Unit School District No. 3, the school trustees of Gallatin County had commenced proceedings to annex the same territory to some high school district under section 11-18.1 of the School Code. Appellants' final contention is that the school *363 trustees of White County had no authority to act until the proceedings pending before the school trustees of Gallatin County had been disposed of. Section 18.1 of article II of the School Code (Ill. Rev. Stat. 1953, chap. 122, par. 11-18.1,) provides among other things that if all non-high school territory of any county had not been annexed to some high school district maintaining grades nine to twelve, each inclusive, by June 30, 1953, it shall be automatically eliminated from the non-high school district on August 1, 1953. After making some exceptions which do not exist in the present instance, it further provided that when territory is eliminated from a non-high school district it shall be annexed by the county board of school trustees as provided in section 4B-25 of the School Code. (Ill. Rev. Stat. 1953, chap. 122, par. 4B-25.) The latter section states "When any territory is eliminated from a non-high school district by the provisions of Section 11-18.1 of The School Code, the county board of school trustees of the county in which such territory lies shall within 30 days after such date hold one or more public hearings with respect to the attachment of such territory to one or more districts maintaining grades nine to twelve, each inclusive." Further provision is made for notice to certain school boards and for publication of notice once at least ten days before hearing shall be held.
Appellants argue that sections 11-18.1 and 4B-25 are mandatory upon the board of school trustees of the county wherein the non-high school district is located, after August 30, 1953, and that the legislature intended that all non-high school territory be disposed of as provided in said sections and did not intend that said non-high school territory should be disposed of in any other way. We concur that the general plan of the legislature to eliminate non-high school districts made it mandatory that some action be taken so to do, but we disagree that the form of annexation provided in said sections was to be the exclusive mode *364 of procedure. To construe the legislative intent in this case several sections of the statute must be read together. Embraced in House Bill No. 432, approved July 13, 1953, are sections 4B-1, 4B-2, 4B-3, 4B-4, 4B-5, 4B-25 and 11-18.1, among others, which were either amendments or additions to the School Code. While section 4B-25, which is the section setting forth the procedure to be followed after territory is eliminated from a non-high school district under section 11-18.1, provides for notice to be published once at least ten days before hearing is held, section 4B-4 provides for hearing not more than ten days after one publication of notice. We believe the legislation fixing the shorter hearing date contained in section 4B-4 was deliberately enacted because the hearings therein are on petitions not only filed by the school boards of the districts affected, but also by a majority of the legal voters residing in each district affected or by two-thirds of the legal voters residing in any territory proposed to be detached from, annexed to, or consolidated with another district. These groups represent the greater number of persons and also the persons most directly concerned with any change in boundaries. Moreover, section 4B-4 provides that the school trustees may continue the matter for want of sufficient notice if hearing is called too quickly, while no similar provision appears in section 4B-25. Because of the fact that the two sections were contained in the same house bill and because of the differences herein noted, it is our interpretation that the legislature intended to confer a preference upon those petitions heard under section 4B-4.
Appellants cite three cases in support of their last contention, namely: People ex rel. Simpson v. Funkhouser, 385 Ill. 396; People ex rel. Mills v. Fairfield Community High School Dist. 397 Ill. 233; and People v. Newman Community Unit School Dist. 1 Ill.2d 370. None of them is authority in this case. In each case, petitions for the organization of school districts were filed which required *365 an election and, before the election was held, petitions were filed to attach part of the territory involved in the organization petition to some other district. This court summarized the reasons for holding the annexation petitions invalid in the Newman Community School District Case by saying: "By a series of legislation over the past decade the legislature has attempted to promote and foster larger, stronger and economically sound school districts through consolidations and mergers of territory, to the end that the educational facilities of the children of the State will be bettered. It is obvious that it was not the intention of the legislature to permit a series of detachments of territory while an organization was pending and thereby defeat the purpose of the legislation that it was fostering." In the instant case, considering the language used and the object to be obtained, we are of the opinion that the circuit court properly held that appellees were not prohibited from acting until the annexation proceedings instituted by the Gallatin County board had been disposed of.
For the reasons stated, the judgment of the circuit court of White County sustaining the order of the county board of school trustees for said county, is affirmed.
Judgment affirmed.