**Bellevue Realty Company, Inc., Plaintiff-Appellee, v. School District No. 111, Defendant-Appellant.**

**Term No. 55–M–19.**

Fourth District.

October 3, 1955.

Released for publication October 24, 1955.

F. E. Merrills, of Belleville, for defendant-appellant.

Jones, Ottesen & Fleming, of Belleville, for plaintiff-appellee.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This is a proceeding under the School Code (Ill. Rev. Stat. 1953, Chap. 122) for the detachment of school territory. The Circuit Court of St. Clair County reversed the order of the County Board of School Trustees denying the petition and defendant school district appeals.

Paragraph 4B–4 [Jones Ill. Stats. Ann. 123.754B(4)] of the School Code establishes the procedure for the detaching of territory from existing school districts by order of the County Board of School Trustees. Maps

and reports of financial conditions of the school districts are required to be submitted to the Board by the County Superintendent of Schools, who is ex-officio Secretary of the Board. A hearing is then held to receive other evidence material to the inquiry and in fulfillment of the statutory requirements. After considering the reports, maps and transcript of the hearing the County Board renders its decision.

On May 3, 1954, plaintiff filed its petition with the County Board of School Trustees of St. Clair County to detach certain vacant and unimproved real estate from defendant and attach it to adjoining School District 118. Proper notices in accordance with the statute were given and the hearing set for June 10, 1954. On that date evidence was presented to the County Superintendent of Schools as hearing officer of the Board. The evidence consisted of maps and testimony on behalf of petitioners by its president. This testimony indicated that there would be a geographical advantage to future residents of the territory if the detachment were allowed. No one appeared and opposed the petition. On July 28, 1954, the County Board of School Trustees considered the petition and the evidence and by a vote of 6 to 1 denied the petition. Plaintiff thereafter filed its complaint for review in the Circuit Court under the provisions of the Administrative Review Act. On February 2, 1955, hearing was had on the complaint and answer of the defendant and an order was entered reversing the decision of the County Board of School Trustees and granting the requested detachment and annexation.

Defendant school district on appeal contends that the Circuit Court order was against the manifest weight of the evidence and that the decision of the Board was in substantial compliance with the School Code. In support of the Circuit Court's action on the other hand, plaintiff points out alleged irregularities in procedure before the Board and the absence of evi-

198

dence in opposition to the petition. The contention is that the Board acted arbitrarily in denying the petition and abused the discretion vested in it by statute.

We must first observe that since no question is raised as to the Circuit Court's power to affirmatively decree a detachment and annexation of territory, we confine this opinion to the initial portion of the order, i. e., the reversal of the Board's decision.

■ The formation and alteration of school districts is governed wholly by statute. In exercising the power and discretion vested in it by the statute the County Board of School Trustees must carefully observe the standards of proof prescribed by the legislature. Pritchett v. County Board of School .Trustees of White County, 5 Ill.2d 356, 125 N.E.2d 476. In this case the record of proceedings before the County School Trustees fails to show that the Board was furnished with "a report of financial and educational conditions of the districts involved and the probable effect of the proposed changes" as required by Paragraph 4B-4 of the School Code. The portion of this section requiring that this information be furnished to the Board is mandatory. Without it the Board is not sufficiently advised to enable it to carry out its statutory duty to "take into consideration the division of funds and assets which will result from the change of boundaries." Nor could the Board determine the ability of the districts to meet the "standards of recognition" unless it has before it the financial and educational conditions. While technical errors of the Board should be overlooked, it is necessary that all mandatory requirements of the statute be, in some manner, shown in the record. The omission of any showing that this report was furnished coupled with the fact that the only testimony at the hearing was in support of the petition left the Board's order unsupported by any competent evidence.

It is argued, however, that the petition was premature because the territory involved was vacant; that

199

therefore there was no need to consider the matters set forth in the statute. This contention loses force in the face of Paragraph 4B–2 of the School Code wherein provision is made for petitions signed by all the owners of record where there are no residents of the territory involved. The County School Trustees having failed to apprise itself of the matters prescribed in the statute, it is clear that the Circuit Court properly reversed the denial of plaintiff's petition. However, the cause should have then been remanded to the Board with directions to proceed with further hearing of the petition in accordance with the statute.

■ Inasmuch as the cause is to be remanded to the County Board of School Trustees we feel it incumbent upon us to decide a question raised by appellee. Plaintiff-appellee contends that the order of the Board should be reversed because their decision was reached by secret ballot; that the very nature of our form of government frowns upon such proceeding; and that school boards, boards of supervisors, city councils, state legislatures and many other bodies are required to have a record vote of its members. Reference to the Constitution and statutes involved will disclose that a record, or yea and nay, vote upon propositions is specifically required for the bodies mentioned. In our opinion this is a question for the General Assembly. Having made no such requirement in the case of County Board of School Trustees, the appellee's contention is without merit.

The judgment of the Circuit Court is affirmed in so far as it reverses the County Board of School Trustees, but is otherwise reversed and the cause is remanded to the Circuit Court with instructions to remand the cause to the County Board of School Trustees for further proceedings consistent with this opinion.

Affirmed in part and reversed in part and remanded.

CULBERTSON and SCHEINEMAN, JJ., concur.