Oakdale Community Consolidated School District No. 1 et al., Plaintiffs-Appellants, v. County Board of School Trustees of Randolph County, Illinois, and Coulterville School District No. 1, Defendants-Appellees.

Term No. 56–M–4.

Fourth District.

October 22, 1956.

Released for publication February 4, 1957.

House & House, of Nashville, and Farmer & Middleton of Pinckneyville, for plaintiffs-appellants.

William A. Schuwerk, of Chester, and Kramer, Campbell, Costello & Wiechert, of East St. Louis, for defendants-appellees.

JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from the Circuit Court of Randolph County, Illinois, in a cause involving the School Code and the Administrative Review Act.

The cause arose in a so-called detachment proceeding initiated by a petition which prayed for a detachment of certain prescribed territory from five school districts and the annexation of such territory to the Coulterville School District No. 1, in Randolph and Perry Counties, Illinois. The County Board of School Trustees granted the prayer of the petition after a public hearing. A complaint was filed under the Administrative Review Act to review the decision of the County Board, and the Coulterville School District and the County Board were made parties defendant. The decision of the County Board was affirmed in the Circuit Court and the cause is now on appeal from the judgment of the Circuit Court.

The complaint requested a judicial review of the whole of the decision and contended that the County Board failed to take into consideration the school needs and conditions in the area, the ability of the districts involved to meet the standards of recognition, the educational welfare of the pupils, the duplication of bus service which would ensue in the territory, and also, that the decision was contrary to the manifest weight of the evidence.

It is contended, specifically, on appeal in this cause that the decision of the County Board of School Trustees and the ensuing judgment of the Circuit Court affirming such decision were wrong and should be reversed for the reason that the petition before the County Board was insufficient to confer jurisdiction upon the County Board. In connection with this jurisdictional dispute it is pointed out that the petition described the territory of the so-called Swanwick Dis-

trict as the "southeast quarter of Section 31, Township 3 South, Range 4 West, in Washington County, Illinois." The record shows that the County Superintendent of Perry County kept a map which was identified as the original map of the Swanwick District which showed that the Swanwick territory in Washington County consisted only of the East Half of the Southeast Quarter of Section 31. In other words, an eighty acre tract rather than a one hundred and sixty acre tract. A certified copy of such map was admitted in evidence.

Petitioners, likewise, produced a map which was placed in evidence, purporting to show that all of the Southeast Quarter of Section 31 was in the so-called Swanwick District. The County Superintendent of Washington County testified as to a map of Washington County showing boundaries of school districts, and purporting to show that the district covered all of the Southeast Quarter of Section 31. Such map was sent out by the Illinois Tax Commission. The Secretary of the County Board of School Trustees, pursuant to Section 4B–4 of the School Code [Ill. Rev. Stats. 1955, ch. 122, § 4B—4], submitted a map to the County Board of School Trustees, together with a report of the financial and educational conditions of the districts involved and the probable effect of the proposed changes. In such map it showed all the Southeast Quarter of Section 31 as included in the Swanwick District. The defendant, County Board of School Trustees contend that this is the official map required to be kept by the Randolph County Superintendent as directed by statute. It is also stated that even if a mis-description was made in describing 160 acres instead of 80 acres in Section 31, no one was misled by it and no harm was done since all the rest of Section 31 is in the Oakdale District, and that all of Section 31 is included in the description of lands

263

which the petitioners requested be annexed to the Coulterville District so that no territory would be left undetached and all of Section 31 would be annexed to the Coulterville District.

A mere error in description would not invalidate the proceedings where there could be no doubt as to the meaning and intent thereof (People ex rel. Carruthers v. Swift, 270 Ill. 532, 535; People v. Close, 301 Ill. 458, 460; People v. Summy, 377 Ill. 255, 259). The so-called description in the instant case, if erroneous, could not be misleading and is distinguishable from the type of description found in the case of Streator Tp. High School Dist. v. County Board of School Trustees, 5 Ill.App.2d 38, where a petition to detach was dismissed for insufficient description. In that petition the lands in the section were described as including a certain half of a quarter section "except five acres," but the five acres were not located and could not be located. In the instant case the eighty acres in question are definitely described and regardless of whether the added eighty acres are located in the Oakdale or the Swanwick District, the territory described in the petition to annex is adequately described in the petition and the proceeding would not be invalidated by reason of this type of description which might include territory already in the Coulterville District.

In any event, the evidence which was offered on behalf of the objectors was no stronger than that offered on behalf of the petitioners, and failed to establish clearly that there was an error in the description of the territory described in the petition, sought to be detached from the Swanwick District.

As to the contention that the County Board of School Trustees acted contrary to and in disregard of the School Code covering a detachment and annexation proceeding, it is only necessary to observe that

264

there were sufficient facts shown in the record to support the action of the Board.

█ A contention made by plaintiffs that the Coulterville District could abandon its high school department was without merit or foundation as the School Code makes ample provision for such situation by organization of an appropriate new district, or by arranging for the sending of children of high school age to a school in an existing district having a high school department (People ex rel. Dixon v. Community Unit School Dist., 2 Ill.2d 454, 466; People ex rel. Warren v. Drummet, 415 Ill. 411, 421).

█ Similarly, loss of assessed valuation by the districts as a result of detachment of a part of the territory should not be considered in a proceeding such as is now before us (People ex rel. Warren v. Drummet, supra; School Dist. No. 79 v. County Board of School Trustees, 4 Ill.2d 533, 541). In the latter case the Court stated that "it is recognized that in all matters concerning a change in school boundaries for annexation to or detachment from the territory of an existing school district, certain inequities to individual taxpayers will probably arise and disagreements over proposed changes are always involved." It was stressed, however, that such disagreement cannot be used as a valid argument to overthrow a valid decision of the issues.

██ Under the school law the School Trustees were empowered to change the boundaries of the District to suit the wishes and convenience of the majority of the inhabitants of the territory sought to be annexed to the Coulterville District (School Dist. No. 79 v. County Board of School Trustees, supra). The Trustees saw the witnesses and received the report from the County Superintendent of Schools as to the school needs and as to whether it would be in the best interests of the schools in the area and the educational

265

welfare of the pupils that the change in the territory be made as petitioned. Such Trustees are more familiar with the local problems involved and better able to evaluate the numerous factors than a Court of Review (Community Unit School Dist. v. County Board of School Trustees, 9 Ill.App.2d 116, 127). In such discretionary matters the Court on appeal will not substitute its judgment for that of such Administrative Agency (Community Consol. School Dist. No. 201 v. County Board of School Trustees, 7 Ill.App.2d 98, 103). The decision of the County Board of School Trustees is binding and should not be reversed unless against the manifest weight of the evidence, or if the findings and decision are not supported by evidence in the record (School Dist. No. 79 v. County Board of School Trustees, supra; Community Unit School Dist. v. County Board of School Trustees, supra).

Upon a review of the entire record we must conclude that there is ample evidence in the record to sustain the order of the County Board of School Trustees, and that such findings are not against the manifest weight of the evidence. The judgment of the Circuit Court of Randolph County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and BARDENS, J., concur.