Everett Long et al., Plaintiffs-Appellants, v. County
 Board of School Trustees of Morgan County et al.,
 Defendants-Appellees.

**Gen. No. 10,124.**

Third District.

October 14, 1957.

Released for publication December 3, 1957.

I. J. Feuer, of Springfield, Epler C. Mills, of Virginia, Illinois, and John B. Wright, of Jacksonville, for plaintiffs-appellants.

Charles J. Ryan, State's Attorney of Morgan county (William L. Fay, of Jacksonville, of counsel) for defendants-appellees.

PRESIDING JUSTICE CARROLL delivered the opinion of the court.

This case arises out of a proceeding to detach and annex territory pursuant to Article 4B of the School Code. (Ill. Rev. Stat. 1955, Chap. 122, Art. 4B). On June 27, 1956, a petition praying that certain territory described therein be detached from Literberry Community Consolidated School District No. 3, Sinclair Community Consolidated School District No. 9 and Non-High School District No. 119, and annexed to Ashland Community Unit School District No. 212 was filed with the county board of school trustees of Morgan county. After holding a hearing upon the petition, the board of trustees denied the prayer thereof and entered its order to that effect. Thereupon, the petitioners and Ashland Community Unit School District No. 212 filed a complaint in the Circuit Court of Morgan county under the Administrative Review Act to review the decision of the county board of school trustees. The Circuit Court affirmed the order of the board of trustees and the cause is here on appeal from said judgment of affirmance.

The first and what appears to be the principal contention of plaintiffs is that the hearing before the county board of school trustees was not conducted in accordance with the mandatory provisions of Section 4B—4 of the School Code in that the maps and report which the secretary of the board is required to submit to the county board prior to the hearing were not offered in evidence and made a part of the record of the proceedings of the said board. The pertinent provisions of Section 4B—4 of the School Code are as follows:

164

"Prior to the hearing the secretary shall submit to the county board of school trustees maps showing the districts involved, a written report of financial and educational conditions of districts involved and the probable effect of the proposed changes. The reports and maps submitted shall be made a part of the record of the proceedings of the county board of school trustees." (Sec. 4B—4, Art. 4B, Chap. 122, Ill. Rev. Stat. 1955.)

█ In the above quoted section of the Statute, the submission prior to the hearing of the maps and report specified to the county board of trustees is mandatory and it was so held in Bellevue Realty Co. v. School District No. 111, 7 Ill.App.2d 196.

In this case, the record of the proceedings before the board of school trustees shows that at the commencement of the hearing on the petition, Wilfrid E. Rice, ex-officio secretary of the county board of school trustees of Morgan county, Illinois, was asked this question: "Mr. Secretary, I'll ask you to tell us prior to this hearing, did you submit to this Board maps showing the districts involved and a report of the financial and educational conditions of the districts involved and the probable effect of the proposed changes?" and that Mr. Rice answered as follows: "Such maps and reports were presented to the County Board of School Trustees on July 11, 1956 prior to the meeting in the courtroom here."

It further appears from said record that the order of the county board of school trustees recites that the secretary of said board submitted maps and the report required by statute to the board.

█ It further appears that the transcript of proceedings at the hearing before the county board of school trustees as originally filed in the administrative review proceeding, contained the maps submitted to the board but did not include the report as to the finan-

165

cial and educational conditions of the districts involved which was furnished to the board by the secretary thereof. Upon motion of the defendant board of school trustees made prior to the administrative review hearing, the trial court ordered the record completed by adding thereto the said report of the secretary of the board. The action of the trial court in so doing did not amount to the admission of new or additional evidence as argued by plaintiffs and was authorized by the Administrative Review Act. (Sub-Par. (b) Par. 1, Sec. 275, Chap. 110, Ill. Rev. Stat. 1955.)

 In view of the factual situation as disclosed by the record before us, it becomes evident that plaintiffs' contention can be sustained only on the theory that the provisions of Sec. 4B—4 are to be construed to mean that until the reports and maps required thereby are offered in evidence, they do not become a part of the record of the proceedings of the county board of school trustees. Plaintiffs cite Bellevue Realty Co. v. School District No. 111, supra in support of their position. In that case, the court considered a situation where the record failed to show the furnishing of a report to the trustees on the financial and educational conditions of the districts involved as required by Sec. 4B—4 of the School Code and it held that the provision requiring the furnishing of such information to the board of trustees is mandatory. The decision in the Bellevue case is not applicable to the facts disclosed by the instant record which show that the secretary did in fact furnish the county board of school trustees with the information required by Sec. 4B—4.

The case which appears to be more in point is that of In Re Petition of Catlin Township High School, 12 Ill.App.2d 487, which was decided by this court. (Reported in abstract form.) In that case as here, it

was contended that there was a failure to comply with the mandatory statutory requirements as to the filing of a map and a financial report as provided by Sec. 4B—4 of the School Code. However, it appeared from the record that at the hearing the county superintendent of schools made a statement as to the assessed valuation and tax rates of the districts involved; that he also stated that he had presented a map; that there was before the board a chart showing educational statistics pertaining to the districts; that witnesses used and made reference to such charts and maps in connection with their testimony. Upon these facts, we held that compliance with the requirements of Art. 4B—4 was shown.

Plaintiffs argue that the legislature, in requiring by Sec. 4B—4 that the reports and maps submitted to the board of school trustees be made a part of the record of its proceedings at the hearing, thereby intended to impose a further requirement that such reports and maps could only be made a part of the record by being formally placed in evidence at the hearing on the petition. We do not think that Sec. 4B—4 is susceptible of the interpretation which plaintiffs would place thereon. It plainly imposes upon the secretary of the board the duty to submit certain maps and reports to the trustees prior to the hearing. Obviously, the discharge of this duty results in furnishing to the trustees certain information which the legislature has seen fit to designate as essential to a proper exercise of the administrative function performed by said trustees. It follows that in determining whether or not there has been compliance with the requirements of Sec. 4B—4, the vital question to be answered is whether the record of the proceedings before the county board of school trustees shows that prior to the hearing said board was furnished with the maps and report specified in the said section of the School Code

167

and whether such maps and report were made a part of the record of the proceedings of said board. We are convinced that upon the record in this case, the vital question must be answered in the affirmative.

Plaintiffs' other contention is that the order of the county board of school trustees lacks support in the evidence or is against the manifest weight thereof. Primarily the basis thereof is the previously considered argument of plaintiffs that since the reports and maps were not placed in evidence, the information required under Sec. 4B—4 was not before the board and could not be considered by it in passing upon the petition. Our views on this particular argument of plaintiffs having been already expressed herein, no further comment thereon appears necessary other than to observe that the statute requires that the maps and report in question be furnished to the board prior to the hearing and therefore such instruments cannot be considered as evidence offered at the hearing.

It appears from the record that the districts from which detachment is sought is territory of a non-high school district and pursuant to Art. 11, Sec. 18.1, Chap. 122, Ill. Rev. Stat. 1955 due to be dissolved July 1, 1956 and annexed to some adjacent high school district maintaining grades 9 to 12 each inclusive. The record shows that the adjacent high school districts to which such non-high school territory might be annexed are Ashland Community Unit School District No. 212 and Jackson School District No. 117. The county superintendent of schools of Morgan county and ex-officio secretary of the county board of school trustees of said county furnished the board with a written report of the financial and educational conditions of the two districts involved and the probable effect of the proposed boundary changes. Since non-high school territory was included in the petition, this report also showed the normal high school attendance pattern of

168

the children of such territory to be to Jackson District No. 117. At the hearing, the board heard evidence consisting of the testimony of a number of witnesses. Only one of these resided in the territory involved. He testified that he had no children of school age; that there were approximately 30 to 35 pupils in the area involved; some of whom attended the Ashland schools; that he regarded the Ashland schools adequate to take care of the pupils who might go there from the area and that Ashland is the trading area for part of the territory. A number of other witnesses who are connected with the Ashland school district or with the consolidated community school system in an official capacity, testified concerning the adequacy of the Ashland district school facilities including bus transportation to accommodate pupils who might attend its schools if the petition were allowed. The superintendent of schools of the Jacksonville district also testified and gave detailed information concerning school buildings, educational programs and transportation facilities of such district. An examination of all the evidence produced at the hearing and which we do not attempt to detail, appears to leave no doubt as to it being sufficient to apprize the board of trustees of the school needs and conditions of the territory involved and that adjacent thereto and the ability of the districts affected to meet the standards of recognition prescribed by the state superintendent of public instruction.

In numerous cases involving petitions to change school district boundaries, where it has been contended that a decision of the county board of school trustees is against the manifest weight of the evidence, our courts have pointed out that the legislature has designated such board as the administrative agency to hear and determine whether such petitions should be granted or denied. People v. Deatherage, 401 Ill. 25; People ex rel. v. Camargo School District, 313 Ill. 321.

██ To regulate the exercise of discretionary power thus delegated to it, the board is required to conform to certain general standards prescribed by the legislature. School Dist. No. 79 v. School Trustees, 4 Ill.2d 533.

 In this case there appears to have been no deviation from these standards. This being true, the remaining question is whether the findings of the board of school trustees as set out in its order are supported by the record. In matters involving discretion by an administrative agency, such as that exercised by a board in this case, a court will not substitute its judgment for that of such agency. Community Consol. School Dist. No. 201 v. County Board of School Trustees, 7 Ill.App.2d 98. It is also a rule that the decision of the county board of school trustees in matters involving school district boundary changes should not be overturned unless it appears to be against the manifest weight of the evidence or lacks support in the record. Oakdale Consol. School Dist. v. County Board, 12 Ill.App.2d 260.

██ We think the evidence in this record must be considered ample to support the findings and decision of the board of trustees and should not be disturbed. The board of school trustees in arriving at its decision in this case, enjoyed an advantage which is denied to this court. We refer to the knowledge possessed by the trustees of local conditions and other factors requiring consideration in determining whether the granting of a petition would be in the best interests of the schools of the area concerned and the educational welfare of the pupils therein.

The judgment of the Circuit Court of Morgan county is affirmed.

Affirmed.