22 Ill. App.2d 231 (1959)
160 N.E.2d 505
Jean J. Welch et al., Plaintiffs-Appellees,
v.
County Board of School Trustees of Peoria County, Illinois; Board of Education of Dunlap Township High School District No. 158; and William A. Hale, Certain Defendants-Appellees, and Board of Education of Richwoods Community High School District No. 312, Certain Defendant-Appellant.
Gen. No. 11,263.
Illinois Appellate Court  Second District, Second Division.
July 29, 1959.
Rehearing denied September 2, 1959.
Released for publication September 2, 1959.
*232 C.B. Ullrick, of Peoria, for appellant.
Davis, Morgan & Witherell, of Peoria, for appellees.
PRESIDING JUSTICE WRIGHT delivered the opinion of the court.
A petition was filed with the County Superintendent of Schools of Peoria County, Illinois, as ex-officio Secretary of the County Board of School Trustees of *233 Peoria County, Illinois, in June of 1957, requesting the detachment of certain described territory from Dunlap Township High School District No. 158 (hereinafter referred to as Dunlap District), and requesting its annexation to Richwoods Community High School District No. 312 (hereinafter referred to as Richwoods District). The County Board of School Trustees on July 1, 1957, after hearing evidence, entered an order denying the prayer of the petition. On administrative review, the Circuit Court of Peoria County affirmed the order of the County Board of School Trustees from which order plaintiffs appeal.
The petitioners-appellants contend that there was no evidence before the Board in opposition to the petition; that the order of the Board is not supported by substantial evidence and is contrary to the manifest weight of the evidence; that the judgment of the Circuit Court of Peoria County affirming the order of the County Board of School Trustees should be reversed. It is the position of the appellees that the decision of the Board denying the petition is supported by substantial evidence and that the judgment of the Circuit Court of Peoria County should be affirmed.
The parties hereto agree that the hearing held by the County Board of School Trustees was held pursuant to Paragraph 4B-4 of the School Code (Ill. Rev. Stat., 1957, Chap. 122) and that all statutory requirements were complied with.
Prior to the hearing before the County Board of School Trustees, the County Superintendent of Schools, ex-officio Secretary, submitted to said Board maps showing the districts involved, a written report of the financial and educational conditions of the districts involved and the probable effect of the proposed change. On the question of the probable effect of the *234 proposed change, the Superintendent of Schools, ex-officio Secretary, stated as follows:
"Since neither District is at the maximum educational rate and since the teaching load in the two districts is approximately the same, in my opinion, the granting of the proposed petition will not change the ability of either District  to meet the standards of recognition as prescribed by the Superintendent of Public Instruction."
Seven witnesses testified on behalf of petitioners before the County Board of School Trustees and their testimony in substance was as follows: That no non high school territory would result from a change in the boundaries requested; that the territory in question is compact and contiguous to Richwoods District; that the territory involved is in the Kellar Grade School District and that the majority of the students in such grade school district go to the Richwoods District; that the Richwoods District High School is closer to the territory involved than Dunlap District High School; that Dunlap District does not provide transportation for students participating in extra curricular activities as does the Richwoods District; that Richwoods District offers twenty-two additional courses of instruction not offered in the Dunlap District, and that some of such additional courses constitute a definite advantage, particularly with respect to an education for medicine or engineering; that a hot lunch program is available to the students of Richwoods District and not to students in Dunlap District; and that the curriculum of the Kellar Grade School District and the Richwoods District have been coordinated.
The only witnesses to testify were in behalf of the petitioners. There was no evidence offered in opposition to the petition and no objectors appeared before the Board.
*235 [1] The question now before this court for decision resolves itself into a proposition as to the authority of the County Board of School Trustees to deny a petition for detachment supported by substantial evidence where no evidence is produced in opposition thereto.
[2] The primary consideration of the Board is to decide what is to the best interest of the schools of the area and the educational welfare of the pupils. The standard to govern the Board in its deliberation and decision is contained in Section 4B-4 of the School Code [Ill. Rev. Stat., 1957, ch. 122] and is as follows:
"The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interest of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted...."
Although there have been many cases of late in our courts interpreting various and sundry provisions and requirements of the School Code, the question now presented to us for decision seems to be one of first impression. Indeed, counsel both for appellants and appellees have cited no cases where a petition under the School Code for detachment of territory has been denied when no evidence was offered in opposition to the petition. The Appellate Court, Fourth District, in Bellevue Realty Co. v. School District No. 111, 7 Ill. App.2d 196, 129 N.E.2d 231, had occasion to consider a question somewhat similar to the one here involved. In that case, the Board denied a petition for detachment of territory and the Circuit Court reversed *236 the Board. On appeal the judgment of the Circuit Court was affirmed insofar as it reversed the Board, but it was otherwise reversed and the cause remanded for the reason that the record of proceedings before the Board failed to show that the Board was furnished with "a report of financial and educational conditions of the districts involved and the probable effect of the proposed changes" as required by Section 4B-4 of the School Code, it being held that this provision was mandatory. The court also found that there was no evidence in opposition to the petition. The court thereupon stated at page 199 of 7 Ill. App.2d and page 233 of 129 N.E.2d:
"The omission of any showing that this report was furnished coupled with the fact that the only testimony at the hearing was in support of the petition left the Board's order unsupported by any competent evidence." (Emphasis supplied.)
[3-6] The findings, conclusions and decisions of an administrative agency on questions of fact shall be held to be prima facie true and correct, and the court will not disturb the findings of fact made by an administrative agency unless manifestly against the weight of the evidence. It is also the established law in Illinois that the findings of an administrative agency must be based on facts established by evidence which is introduced as such, and the administrative agency cannot rely on its own information to support its findings. Wauconda Tp. High School Dist. No. 118 in Lake and McHenry Counties, Ill. v. County Board of School Trustees of McHenry County, 13 Ill. App.2d 136, 141 N.E.2d 52. In Wallace v. Annunzio, 411 Ill. 172, 103 N.E.2d 467, it was held that the findings of an administrative agency must be supported by substantial evidence, and that the court has power to review all questions of law and fact presented by the *237 record. Where it is found that the order of an administrative agency is without substantial foundation in the evidence, it is the duty of the courts to set it aside. Illinois Cent. R. Co. v. Illinois Commerce Commission, 395 Ill. 303, 70 N.E.2d 64.
In the case now before us, the County Superintendent of Schools gave his opinion that the granting of the proposed petition would not change the ability of either district to meet the standards of recognition as prescribed by the Superintendent of Public Instruction. The County Superintendent further stated that neither district is required to levy the maximum educational rate and that the teaching load in the two districts is approximately the same. There is no evidence that there would be an inequitable division of funds and assets and no showing of any adverse financial burden upon either district if the proposed change was granted. There is no evidence that the best interests of the schools of the area and the educational welfare of the pupils would be adversely affected in the slightest degree by the allowance of the proposed change.
There were no witnesses who testified in opposition to the petition. It is the position of the appellees that the decision of the Board denying the petition for detachment is supported by substantial evidence, however, appellees have failed to indicate to this court what such evidence consists of. Our own review of the record reveals that it is completely void of any evidence in opposition to the petition and void of any evidence to support the decision of the Board and the judgment of the Circuit Court affirming the decision of the Board. The absence of any evidence in opposition to the petition leaves the Board's order and the judgment of the Circuit Court of Peoria County affirming said order unsupported by any competent evidence *238 and said order and judgment must necessarily therefore be reversed.
The judgment order of the trial court of Peoria County affirming the decision of the defendant County Board of School Trustees of Peoria County is therefore reversed and the cause remanded to the Circuit Court with directions to proceed in accordance with the views expressed herein.
Reversed and remanded, with directions.
CROW and SOLFISBURG, JJ., concur.