**Crainville School District No. 37 of Williamson County, Plaintiffs-Appellants, v. County Board of School Trustees of Williamson County, Illinois, et al., Defendants-Appellees.**

Gen. No. 61–M–7.

Fourth District.

September 15, 1961.

[redacted]

Robert L. Butler, of Marion, for appellant.

R. W. Harris and David A. Warford, of Marion, for appellee.

SCHEINEMAN, J.

The County Board of School Trustees of Williamson County entered an order detaching certain territory from Crainville School District No. 37 and annexing it to Carterville School District No. 35. On administrative review the circuit court affirmed the order. On this appeal, appellants contend the petitioners did not comply with the provisions of the school code in regard to the evidence to be considered, that there is no substantial evidence in the record to justify the order, and that the order is contrary to the manifest weight of the evidence.

The area to be detached consists of 240 acres and the petition was signed by 76 of the 83 legal voters in the area. The applicable statutory provision is Section 4B–4 of Chapter 122 Ill Rev Stats of which the following is the pertinent portion:

"Prior to the hearing the secretary shall submit to the county board of school trustees maps showing the districts involved and the probable effect of the proposed changes. The reports and maps submitted shall be made a part of the record of the proceedings of the county board of school trustees. The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such a change in boundaries be granted . . ."

Upon the hearing there were six witnesses for petitioner, all of whom stated a personal preference that their children should go to the Carterville district rather than Crainville. None had any complaint about the Crainville school nor about transportation, lunch program, or curriculum. None of them expressed any knowledge of the comparative facilities offered in the two districts.

Witnesses for the appellants, including a school board member and the principal of the Crainville school, testified there were 106 students in the Crainville school with five teachers. Detachment would affect seven children and would cause a loss to Crainville in taxes of about $4,000 per year. It was stated this loss would necessitate the dropping of one teacher. The witnesses described the curriculum in the

145

Crainville school and stated it was a broad and thorough coverage of subjects.

The secretary's purported map consisted merely of a drawing of a rectangle and his report of financial conditions merely showed assessed valuations, amounts levied and expended for educational purposes, and the amount of state aid claims. The statement does not include any information as to tax rates nor indebtedness, and there was no information as to the amount levied or expended for building purposes. There was no testimony to supplement the scanty information in the report and there was nothing on the question of educational conditions except that given by appellants' witnesses as to Crainville. There was no evidence of the number of students and teachers in Carterville and nothing about the curriculum. The ability of either district to meet the standards of recognition prescribed by the Superintendent of Public Instruction is not shown in the evidence, as required by the quoted statute.

██ It is apparent that the evidence falls far short of meeting the statutory requirements.

As stated in Board of Education v. County Board, 19 Ill App2d 196, 153 NE2d 378, "if the Board's decision is to stand, the weight of the evidence must support the detachment and annexation prayed for on the basis of the standards set forth in the school code."

In Welch v. County Board of School Trustees of Peoria County, 22 Ill App2d 231, 160 NE2d 505, it was held: "It is also the established law in Illinois that the findings of an administrative agency must be based on facts established by evidence which is introduced as such, and the administrative agency cannot rely on its own information to support its findings."

146

Appellees cite and rely upon the case of Burnidge v. County Board of School Trustees of Kane County, 25 Ill App2d 503, 167 NE2d 21. In that case it is said the personal desires of a large percentage of the residents of the area were held a proper consideration on the question of detachment. The case does not permit that factor to be considered, "all things being equal." We must assume that this limiting phrase implies that the statutory requirements have been met.

This court has recognized that personal preferences may be a moving factor in the filing of a petition, but the requirements of the statute must be met, for the simple reason that the statute was held constitutional in delegating the power given the board of school trustees because the standards were specifically set forth in the statute. The rule was stated as follows:

> "It may be seen from the provisions discussed that although the residents of territories within the district may initiate a petition for detachment because of personal desires or convenience, much more is needed to support the board's decision to change established boundaries." Trico Community Unit District v. County Board of School Trustees, 8 Ill App2d 494, 131 NE2d 829. To a similar effect, see Board of Education, etc. v. County Board, etc. (Winnebago) 19 Ill App2d 196, 153 NE2d 378.

In the later case of Oakdale Community School District, etc. v. County Board of School Trustees, etc., 12 Ill App2d 260, 139 NE2d 795, the circuit court and this court affirmed a detachment proceeding allowed by the trustees, and this order was reversed by the

147

Supreme Court which quoted the rule given in the Trico case above and stated that this was correct. Oakdale Community School District, etc. v. County Board of School Trustees, etc., 12 Ill2d 190, 145 NE2d 736.

Since the evidence before the board in this case wholly fails to meet the statutory requirements, the judgment of the court affirming the detachment is reversed.

Reversed.

HOFFMAN, P. J. and CULBERTSON, J., concur.