Savanna Community High School District No. 200, Plaintiff-Appellant, v. County Board of School Trustees of Carroll County, Illinois, et al., Defendants-Appellees.

Gen. No. 65–137.

Second District.

July 18, 1966.

Smith and Smith, of Savanna, for appellant.

Eaton and Leemon, and William B. Petty, State's Attorney of Carroll County, of Mt. Carroll, for appellees.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

This is an action under the Administrative Review Act to review a decision of the County Board of School Trustees of Carroll County authorizing the detachment of territory from the Savanna Community High School District and the Zion Community Consolidated Grade School District and the annexation of that territory to Mt. Carroll Community Consolidated Grade School District and Mt. Carroll Community High School District.

The action was apparently precipitated when the only teacher in the Zion Grade School District resigned the day school opened in the Fall of 1964. Acting in an obvious emergency, the Zion School Board parceled out its children to various other grade school districts for the school year. Subsequently, a petition was filed which in effect divides up the Zion Grade School District and incidentally disconnects a part of the Savanna Community High School District in so doing.

The decision of the County Board of School Trustees granting the petition was affirmed in the trial court and only the Savanna High School District appealed. All other parties, including the Zion Grade School District, are apparently satisfied with the decision and have not filed any appeal.

The Savanna Community High School District brings two issues to this court. First, that there was a lack of technical statutory compliance in the conduct of the hearing, and, second, that the decision of the County Board of School Trustees is against the manifest weight of the evidence.

Section 7–6 of the School Code (c 122, § 7–6, Ill Rev Stats 1965) provides that prior to the hearing before the County Board of School Trustees the secretary of the board shall submit maps of the districts involved and a written report of the financial and educational con-

ditions of the districts and the probable effect of the proposed changes to each trustee. We have searched the record and find that this report was in fact filed. It is true that there were certain technical errors in the report, but these were all corrected at the hearing and it does not appear that any prejudice thereby resulted. This is not like the case of Bellevue Realty Co. v. School Dist. No. 111, 7 Ill App2d 196, 129 NE2d 231 (1955), where no report was filed, or like the case of Crainville School Dist. No. 37 of Williamson County v. County Board of School Trustees, 32 Ill App2d 143, 177 NE2d 248 (1961), where a mere drawing and no map was filed and where the financial report was so inadequate as to be meaningless.

We conclude that statutory compliance was had and that the Board had before it sufficient information upon which to base its decision. This is especially true when viewed in light of all the testimony presented to the Board.

■ The next technical objection made by the Savanna District is that a copy of the order of the Board was not furnished to the parties within thirty days after the hearing as is required by section 7-6 of the School Code, supra. The first hearing on the petition was held April 5, 1965. At the conclusion of the hearing the County Board of School Trustees continued the matter until April 19, 1965, at which time their decision was made. Copies of the order were mailed on May 6, 1965, and thereby complied with the statutory requirement. The statute requires that the order be delivered within thirty days after the conclusion of the hearing. Since the hearing was continued it appears obvious that there was adequate technical compliance with the statute in this case. In this connection it should be noted that section 275 of chap 110 of the Illinois Revised Statutes provides that technical errors in administrative proceedings are

205

not grounds for reversal unless it appears that they materially affected the rights of the parties or resulted in substantial injustice. We cannot find that to be the case in this controversy.

The Savanna High School District finally asserts that the decision of the County Board of School Trustees is against the manifest weight of the evidence. The Administrative Review Act provides that the findings of facts of the administrative agency are prima facie true and correct. Chap 110, sec 274, Ill Rev Stats 1965. The legislature has wisely decided that these questions should be determined on the local level. We have no right to substitute our judgment for that of the County Board of School Trustees. We are only authorized to determine whether or not the record supports their findings.

It is to be noted that the legislature did not grant unfettered power to local authorities to change school boundaries. In determining these questions local authorities must consider the best interests of the schools in the area and the educational welfare of the school children. Section 7–6 of the School Code, supra.

This case cannot be fairly considered as a high school problem only, since the County Board of School Trustees considered and changed not only the high school boundaries but also the boundaries of the grade school districts involved. The Zion Grade School District had a problem, its only teacher quit her job the day school opened. To meet this emergency, the Zion School Board sent its pupils to other grade school districts for the school year on a tuition basis. This circumstance gave rise to the petition for detachment. The record shows that the Mt. Carroll High School was closer to the territory involved than the Savanna High School. As a result the school children spent less time on the school bus. There was a more extensive curriculum at the Mt. Carroll High School and Mt. Carroll provided a course in

agriculture which was not provided at Savanna High School. In an agriculture area this has obvious benefits. The teacher-student ratio at Mt. Carroll High School is lower than at Savanna High School. All of these factors bear on the educational welfare of the children.

■ Counsel for the Savanna High School District argues that merely because the petitioners find it more convenient to go to one school district than another is not a sufficient reason to change school boundaries. There is no question that this is a correct statement of the law as far as it goes. However, if factors involving the educational welfare of the children dictate a change in school boundaries the mere fact that the change is more convenient to the parents will not prohibit the change in school boundaries. Burnidge v. School Trustees of Kane County, 25 Ill App2d 503, 167 NE2d 21 (1960), and Virginia Community Unit School Dist. No. 64 v. County Board of School Trustees of Cass County, 39 Ill App2d 339, 188 NE2d 886 (1963). The mere fact that the parents may find the boundary change convenient, while not persuasive, cannot be used as a deterrent if educational factors indicate the change.

Based upon the record as a whole, we cannot say that the decision of the County Board of School Trustees of Carroll County was against the manifest weight of the evidence. The trial court correctly decided that the record sustained the County Board of School Trustees and that technical statutory compliance was present. The judgment is, therefore, affirmed.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.