Panhandle Community Unit School District No. 2 of Montgomery, Macoupin and Christian Counties, Illinois, Plaintiff-Appellant, v. Carl L. Goebel, Thelma Goebel, Morrisonville Community Unit School District No. 1 of Christian and Montgomery Counties, Illinois, County Board of School Trustees of Montgomery County, Illinois, County Board of School Trustees of Christian County, Illinois, Defendants-Appellees.

Gen. No. 67–92.

Fifth District.

May 27, 1968.

Miley & Meyer, of Taylorville, for appellant.

Paul M. Hickman, Bullington, White & Hickman, of Hillsboro, for appellees.

MORAN, J.

The County Board of School Trustees of Montgomery County entered an order detaching a certain tract of land from Panhandle Community School District No. 2 of Montgomery County and annexing same to Morrisonville Community Unit School District No. 1. The Panhandle District brought a proceeding for administrative review in the Circuit Court of Montgomery County and appeals from an adverse decision of that Court affirming the action of the County Board of School Trustees. It contends that the decision was against the manifest weight of the evidence.

The area described in the detachment petition contains 160 acres and the petitioners, Carl Goebel and Thelma Goebel, his wife, are the only residents and voters in that area. They have six children, aged 10, 8, 6, 5, 2 and 1, respectively. The three oldest children attend parochial

school in Morrisonville and the five-year-old child attends public school kindergarten there, on a half-day basis. The three older children ride the public school bus to and from Morrisonville, while the parents take the five-year-old to kindergarten in Morrisonville at noon and he rides the bus home in the evening. They pay $365 per year tuition for the five-year-old child to attend kindergarten. The Goebels go to church in Morrisonville and do all their business there. His folks also live on the Morrisonville bus route.

Goebel testified that they would have no more children in kindergarten for three years and therefore would have to pay bus fare for the school bus to take their children, who attend the Catholic school, to Morrisonville. It was then pointed out to him that there were no provisions in the Illinois law for him to pay for bus transportation under any circumstances.[1]

The School Superintendent of the Panhandle District appeared in opposition to the petition and informed the County Board of School Trustees that the Panhandle School Board opposed the detachment. He testified that there was a primary school in Harvel, about two miles from where the petitioner lived, and that the Panhandle District would furnish bus transportation to and from there. There was no kindergarten at Harvel, but there was one at Raymond, which is a few miles from Harvel. If the Goebels had a child attending kindergarten, the Panhandle District would furnish bus transportation from petitioners' home to Raymond and back to Harvel.

---

[1] Chapter 122, section 29–4, Illinois Revised Statutes provides in part:

"Pupils attending other than a public school. The school board of any district that provides any school bus or conveyance for transporting pupils to and from the public schools shall afford transportation, without cost, for children who attend any school other than a public school, who reside at least 1½ miles from the school attended, and who reside on or along the highway constituting the regular route. . . ."

464

Chapter 122, section 7–6, Illinois Revised Statutes, 1965, provides in part:

". . . Prior to the hearing the secretary shall submit to the county board of school trustees maps showing the districts involved, a written report of financial and educational conditions of districts involved and the probable effects of the proposed changes. . . . The county board of school trustees shall hear evidence as to the school needs and conditions of the territory in the area within and adjacent thereto and as to the ability of the districts affected to meet the standards of recognition as prescribed by the Superintendent of Public Instruction, and shall take into consideration the division of funds and assets which will result from the change of boundaries and shall determine whether it is to the best interests of the schools of the area and the educational welfare of the pupils that such change in boundaries be granted, and in case non-high school territory is contained in the petition the normal high school attendance pattern of the children shall be taken into consideration. . . ."

There was no contention at any stage of the proceedings in this case that the granting of the petition would affect the ability of either district to meet the standards of recognition prescribed by the Superintendent of Public Instruction; that it would affect the educational welfare of the students in either district; that it would affect the division of the funds and assets; or that it would in any way affect the financial or educational condition of either district.

The record disclosed that the estimated value of the tract sought to be disconnected was $24,000 and that the estimated revenue loss to the Panhandle District was $410 per year. The assessed valuation of the Pan-

handle District is $27,484,899, the approximate area is 169 square miles, and the tax rate is 1.886. The assessed valuation of the Morrisonville District is $23,983,640, the approximate area is 118 square miles and the tax rate is 1.5910. It is clear that the disconnection will not have a perceptible effect on the assessed valuation, the territory or the tax rate of either district. It is also apparent that the change could have no effect whatsoever on the educational program of either district.

Appellant argues that personal preferences and conveniences standing alone do not meet the statutory standards necessary to support a petition for detachment from one district and annexation into another and cites Oakdale Consol. Community School Dist. No. 1 v. County Board of School Trustees of Randolph County, 12 Ill2d 190, 145 NE2d 736, and various Appellate decisions to sustain its position, while appellee argues that the present case is distinguished from the cases cited by appellant and cites Virginia Community Unit School Dist. No. 64 of Cass and Morgan Counties v. County Board of School Trustees of Cass County, 39 Ill App2d 339, 188 NE2d 886, to sustain its position.

The facts in that case disclose that the petitioners were the only two residents and voters on a twenty-acre tract of ground which they sought to have disconnected from the Virginia School District and Annexed to Ashland Community Unit School District No. 212. They had three small children, all of whom were under school age at the time of the hearing. The evidence disclosed it would be much more convenient for them to bus their children to Ashland than Virginia; that their children's playmates were all in the Ashland District and that petitioners went to church in and did all their trading in Ashland. The evidence also disclosed that the education facilities of both districts were equal and that the transfer would not affect the educational program or the tax revenue of either district.

In affirming the decision of the County Board of School Trustees of Cass County granting the petition for detaching the disputed territory as requested by petitioner, the Appellate Court carefully distinguished Oakdale Community Consol. School Dist. No. 1. v. County Board of School Trustees of Randolph County, supra, and a number of Appellate cases which were authority for the proposition that the personal desires and conveniences of a few petitioners will not alone justify a boundary change to the detriment of others as not being applicable to the factual situation which the record in that case presented. The court pointed out that in the Oakdale case the court held that the granting of the petition would create a serious depletion of the tax resources of one district and the crowding of another and that in the other cases cited there would be a detriment rather than an improvement in the area involved. The court went on to say:

> ". . . However, in none of these cases do we find the Court indicating that equality of educational facilities alone affords a sufficient basis for denying a petition to detach, nor do we find any statement therein to the effect that proof of personal conveniences to the petitioners must be excluded from the consideration of the Board. Indeed it would be difficult to conceive of a situation where the personal desires and conveniences of the petitioners would not to some degree prompt the decision to initiate a detachment proceeding. The Courts have not held that the expression by petitioners of a personal desire to have territory detached condemns their petition to failure, but have merely said that such factor standing alone is not sufficient to change the established boundaries of a school district.
>
> "Here the Board heard evidence that there is no difference in the educational facilities of the two districts; that the detachment sought would not af-

fect the ability of the Virginia School to meet the standards of recognition prescribed by the superintendent of public instruction; that the tax revenue of neither district would be materially affected; that the distance from petitioners' home to Ashland is much less than it is to Virginia; that there is a well established identity of the territory involved with the Ashland district. These educational factors including the desire and convenience to the petitioners were all entitled to be considered by the Board in determining whether allowance of the petition would tend to promote the best interests of the schools of the area affected and the educational welfare of the pupils residing therein. This we think represents much more than mere proof of petitioners' personal desires. Burnidge v. County Board of School Trustees of Kane County, 25 Ill App2d 503, 167 NE2d 21." Id. 344–345.

■ We agree with the rationale of the Virginia case and find that the present case is factually in point with that case. We therefore find that the decision of the County Board of School Trustees is supported by substantial evidence.

Appellant next contends that this case should be remanded to the County Board of School Trustees of Montgomery County for a new hearing because of the failure of the secretary of that Board to submit a written report of the financial and educational conditions of the districts and the probable effect of the proposed disconnection prior to the meeting as required by chapter 22, section 7–6, prior to the hearing. He argues the submission of this report is mandatory and the decision of the Board cannot stand unless the report is furnished and considered.

Plaintiff filed a motion in the Circuit Court asking to strike the "fact sheet" on the ground that the fact sheet was not considered by the Board at the time of the hear-

ing, but was prepared at a later date and attached an affidavit to that effect signed by Fred Ewald, County Superintendent of Schools and Ex-Officio Secretary of the County Board of School Trustees of Montgomery County. Appellees filed a counteraffidavit signed by the same Fred W. Ewald, the pertinent part of which stated:

". . . Affiant further states that several hearings on the detachment of land involving Carl L. Goebel and Thelma Goebel have been heard with the last one prior to this hearing having been heard on January 6, 1964; that on these previous hearings, including the one of January 6, 1964, fact sheets were submitted; and the fact sheet involved in the present motion was submitted to the County Board of School Trustees of Christian County, Illinois; that the conditions prevailing at the time of the hearing held on January 9, 1967, were not changed from those prevailing at the hearing held on January 6, 1964; that the County Board of School Trustees of Montgomery County, Illinois, were well aware of all the information contained in the fact sheet for a long period of time before the hearing of January 9, 1967."

■ In view of the fact that no objection was made to the lack of a report at the hearing; that the County Board of School Trustees had full knowledge of the financial and educational conditions of the districts involved at the time of the hearing and so found in their order approving the disconnection and in view of the fact that the granting of the petition could not under any conceivable circumstances affect the financial or educational condition of either district, we find that the failure to furnish the report did not invalidate the hearing on the petition for disconnection. Sesser Community Unit Dist. No. 196, Franklin County v. County Board of School Trustees of Franklin County, 74 Ill App2d 152, 219 NE2d 364; Long v. County Board of School Trustees of Morgan County,

469

15 Ill App2d 162, 145 NE2d 741; Savanna Community High School Dist. No. 200 v. County Board of School Trustees of Carroll County, 73 Ill App2d 202, 218 NE2d 811.

For the foregoing reasons the judgment of the Circuit Court of Montgomery County is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.