John T. Gholson, Deborah Gholson, Clarence Barker, Wilma Barker, Lucille Barker, Glen Sutton, Lena Sutton, Freda Tarlton, Claude Owens, Emma Rae Owens, Committee of Ten and Attorneys in Fact for All Petitioners Residing in Broughton Elementary School District No. 99 of Hamilton and Saline Counties, Illinois, Seeking Detachment of Territory from Eldorado Township High School District Number 102 of Saline and Hamilton Counties and Annexation to McLeansboro Township High School District Number 58 of the Counties of Hamilton and Franklin, Illinois, Plaintiffs-Appellants, v. County Board of School Trustees of Saline County, Illinois, and County Board of School Trustees of Hamilton County, Illinois, Defendants-Appellees.

Gen. No. 68–110.

Fifth District.

July 23, 1969.

Frank Bonan, of McLeansboro, for appellants.

Conger & Elliott, of Carmi (Ivan A. Elliott, Jr., of counsel), for amicus curiae.

James W. Sanders, of Marion, for appellees.

GOLDENHERSH, P. J.

Plaintiffs appeal from the judgment of the Circuit Court of Saline County affirming the decision of the County Board of School Trustees denying plaintiffs' petition to detach certain territory from one high school district, and annex it to another.

Plaintiffs, acting as the committee of 10 for themselves and other persons, constituting two-thirds (⅔) or more of the legal voters residing therein, filed a petition to detach the territory in question from Eldorado Township High School District No. 102, of Saline and Hamilton Counties, and annex it to McLeansboro Township High School District No. 58 of Hamilton and Franklin Counties.

The County Board of School Trustees of Saline County denied the petition, and the County Board of School Trustees of Hamilton County granted the petition.

Plaintiffs sought administrative review, the circuit court affirmed the decision of the County Board of School Trustees of Saline County, and this appeal followed.

While the administrative review action was pending in the circuit court, a petition was filed with the Superintendent of Schools of Saline County requesting an election to organize a Community Unit School District, (c 122, § 11–6, et seq., Ill Rev Stats 1967). The area described in the petition included the territory in controversy here. The Superintendent of Schools conducted a hearing, found that it was to the best interests of the schools of the area and the educational welfare of the pupils that the district be organized. No administrative review was sought, an election was ordered, the proposition carried and the community unit school district was organized.

This court allowed the petition of Broughton Community Consolidated School District No. 99 of Hamilton

314

County, to file an Amicus Curiae brief. It asserts that the area which plaintiffs sought to detach was included in the Broughton District, all of the buildings of the Broughton grade schools are located therein, and are now included within the new community district, leaving Broughton without any buildings. Broughton contends that the filing of the petition, the conducting the hearing and election, and the organization of the new community unit district were all done in violation of the provisions of c 122, § 7–8, Ill Rev Stats, because the administrative review of the order of the County Board of School Trustees serves as a supersedeas and therefore, the subject area cannot be affected by the organization of the new district. It prays reversal of the judgment, and the entry of an order annexing the territory to McLeansboro Township High School District No. 51.

Plaintiffs contend that the judgment is contrary to law and the manifest weight of the evidence.

Defendants argue that the organization of the community unit school district has made the case moot, and alternatively, that the judgment is amply supported by the evidence and should be affirmed.

In Hatfield v. Stilley, 41 Ill App2d 203, 190 NE2d 388, the court specifically rejected the contention that the restrictions contained in Article 7 of the School Code apply to Article 11.

In Community Unit School Dist. No. 2, Marshall County v. Moore, 46 Ill App2d 14, 195 NE2d 833, relying upon Pritchett v. County Board of School Trustees of White County, 5 Ill2d 356, 125 NE2d 476, the court held that a petition to organize a new unit district, whether filed before or after the filing of annexation proceedings involving all or part of the same territory has priority and proceeds independently of the annexation proceedings.

It appears, therefore, that the affirmance or reversal of the judgment cannot affect the status of the territory

in question as a part of the new community school district. The issue is, therefore, moot and the appeal must be dismissed.

Appeal dismissed.

MORAN and EBERSPACHER, JJ., concur.